ATLANTIC CITY LUMBER COMPANY, complainant-respondent,

*v.*

CITY OF ATLANTIC CITY and METAL MOULD ERECTION COMPANY, defendants,

M. B. MARKLAND COMPANY, defendant-appellant,

*v.*

H. HOFFMAN & SONS, defendant-respondent.

[Argued February 11th, 1929. Decided March 20th, 1929.]

*Messrs. Cole & Cole,* for the appellants.

*Messrs. Thompson & Hanstein,* for the respondent Atlantic City Lumber Company.

*Messrs. Cassman & Gottlieb,* for the respondent H. Hoffman & Sons.

The opinion of the court was delivered by

. PARKER, J.

This is a controversy arising under the Municipal Mechanics' Lien law (*P. L. 1918 p. 1041*) and particularly under section 2 of that act. *Ibid. p. 1042.* The principal contractor is the appellant M. B. Markland Company, which company subcontracted part of the work to defendant Metal Mould Erection Company. That company obtained materials from the complainant, and also from respondent H. Hoffman & Sons, and later became insolvent and abandoned its contract before completion, whereupon the complainant said Hoffman & Sons filed notice of lien against the fund arising from the principal contract between the city and the appellants. The decree adjudges the right of the two respondents to payment from that fund, and that Markland company appeals.

The appellant claims that the following points were erroneously decided by the vice-chancellor:

I. That he held a general verification of the filed claims by affidavit to be sufficient, whereas he should have rejected them because not verified in detail, substantially like the affidavits to an injunction bill. The statute requires merely that the claim be "verified by oath or affirmation." We concur in the ruling of the vice-chancellor, and on the authority cited by him. *Gregory* v. *Lewis, 87 N. J. Eq. 127.*

II. That he supported the claims although the proofs fail to show that the materials furnished were actually used in the building.

This points to an apparent discrepancy between section 1 of the act, conferring a lien in favor of any person who shall "perform any labor or furnish any materials toward the performance or completion of any such contract" and section 2, which requires the claimant to aver under oath "that the labor was performed or materials furnished * * * and that they were actually performed or used in the execution or completion of the said contract with the said municipality."

The vice-chancellor relied on the rule laid down in *Bell* v. *Mecum, 75 N. J. Law 547,* a case arising under the General

Mechanics' Lien act, that if materials are in good faith furnished for the erection of a building, it matters not whether they are diverted to other purposes without the fault or connivance of the materialman. It is argued that the quoted language of section 2 of the act of 1918 negatives this rule in the present case. We may assume for the present, without deciding, that this is so, but that will work no change in the result, because a reading of the evidence shows without substantial denial—in fact it was admitted—that the materials in question were duly delivered at the site of the building to a proper person in charge of the work, and as the building could not have progressed without them, the presumption is that they were used for the purpose for which they were delivered. There was no evidence to rebut that presumption. It would be unreasonable and captious to require a materialman to prove that all the nails supplied were driven, all the locks and hinges installed, all the boards fastened into place.

III. The last point is that the vice-chancellor should have rejected the claims because the subcontractor failed to complete its work and the appellant was put to large expense to complete it. It was expressly held by Vice-Chancellor Leaming in *Wills* v. *James, 99 N. J. Eq. 10,* unanimously affirmed in this court on his opinion (*100 N. J. Eq. 360*) that a proper construction of section 5 of the revised act of 1918 makes the general fund liable to a claimant against a subcontractor who has been paid in full. We see no substantial difference between that situation and the case of a subcontractor who breaks down before completing his work.

The decree is therefore affirmed.

*For affirmance*—The Chief-Justice, Trenchard, Parker, Kalisch, Black, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 13.

*For reversal*—None.