13 N.J. Super. 139 (1951)
80 A.2d 318
WASHINGTON CONSTRUCTION CO., INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MICHAEL SPINELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 2, 1951.
Decided April 18, 1951.
*140 Before Judges EASTWOOD, BIGELOW and FREUND.
Mr. Louis Santorf argued the cause for the defendant-appellant.
Mr. Jack Rinzler argued the cause for the plaintiff-respondent (Messrs. Feder & Rinzler, attorneys; Mr. Joseph A. Feder, of counsel and on the brief).
The opinion of the court was delivered by FREUND, J.S.C.
The question on appeal is whether the plaintiff, a general contractor under a cost-plus contract for *141 the construction of buildings on land owned by the defendant, is entitled to recover the percentage above the cost of materials delivered to the job, but not used in the construction, because prior to completion the owner terminated the contract in accordance with its terms. The court below construed that "The minute the materials were delivered to the job, as long as they were necessary to be used on the job, the plaintiff became entitled to collect his ten per cent," and entered judgment in favor of the plaintiff. The defendant appeals on the ground that the court's interpretation of the contract was erroneous.
The plaintiff agreed to erect and finish certain buildings according to plans drawn by an architect and to "find and provide such good, proper and sufficient materials of all kinds whatsoever, as shall be proper and sufficient for the completing and finishing all the said apartments and buildings * * *." The defendant agreed to pay the plaintiff for labor and materials "as the same costs the contractor and to pay in addition to said cost the sum equal to ten per cent of the aforesaid total cost as the profit to said contractor." The defendant agreed to pay weekly for the labor of all persons actually engaged on the project and to pay monthly all bills for materials furnished, less discounts. The contract provided that, after the building had been completed, the defendant was to "pay to the contractor ten per cent of the total cost to represent their profit in the matter of the construction of the aforesaid." It was further agreed, however, that the defendant should have "the option at any time during the course of construction, * * * to cancel the contract herein by notifying such contractor of such action. If such event takes place the parties hereto shall compute the total cost of construction and labor up to that date, and to pay ten per cent thereof to the contractor as his profit up to that date."
Pursuant to the foregoing provision, during the course of construction, the defendant elected to terminate the contract. He paid for the labor and materials delivered to the site, but some of the materials not having been actually incorporated *142 in the buildings, he argues that the plaintiff is not entitled to the ten per cent of their cost.
Referring to the construction of cost-plus contracts, Williston declares that the familiar rules for the construction of contracts generally are applicable. Thus,
"The primary rule is to ascertain and give effect to the mutual intention of the parties, so far as it may be done without contravention of legal principles. Greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. A contract must be considered as a whole and the intention of the parties is to be collected from the entire instrument and not from detached portions. The individual clauses and particular words must be considered in connection with the rest of the agreement, and all parts of the writing and every word of it, will, if possible, be given effect. The words of contracts should be given a reasonable meaning rather than an unreasonable one and a court will endeavor to give a construction most equitable to the parties and which will not give one of them an unfair or unreasonable advantage over the other. * * * Where the parties to a contract have given it a practical construction by their conduct, as by acts in partial performance, such construction is entitled to great if not controlling weight in determining its proper interpretation." Williston, Contracts (Rev. ed.), vol. 9, sec. 46, p. 64.
Of course, "the law will not make a better contract for parties than they themselves have seen fit to enter into, or alter it for the benefit of one party and to the detriment of the other. The judicial function of a court of law is to enforce a contract as it is written." Kupfersmith v. Delaware Ins. Co., 84 N.J.L. 271 (E. & A. 1913); James v. Federal Insurance Co., 5 N.J. 21 (1950).
The defendant has paid for the cost of materials delivered to the site and intended to be used in the construction of the buildings. This suit was brought to recover the "plus" of the contract, the ten per cent of such cost, which was to represent the contractor's profit. The defendant argues that the plaintiff is not entitled to this compensation because the materials delivered to the premises were not incorporated as part of the physical structure. Was it the intention of the parties that the plaintiff was to receive the ten per cent only *143 if the buildings were fully constructed? We think not. The contract had two provisions for the payment of compensation: (1) under paragraph 5, after completion of the building, when plaintiff was to be paid ten per cent of the total cost of construction; or (2) under paragraph 9, if the contract was terminated before completion of the buildings, as happened, then "the parties hereto shall compute the total cost of construction and labor up to that date, and to pay ten per cent thereof to the contractor as his profit up to that date."
Analogous situations arose in cases where the court was called upon to determine whether one furnishing materials intended for a building, but not used, was entitled to a lien under the general Mechanic's Lien Law. There, the rule is that a question of fact exists: whether the items are in whole or in part for materials furnished in good faith for the erection of the building, and when that is established, it is no defense that there may have been a failure to use materials thus furnished. "The materials, having been furnished for the building, and delivered to the company or to their agents in good faith, it is immaterial to the validity of the lien whether they were used in the building or not." Morris County Bank v. Rockaway Mfg. Co., 14 N.J. Eq. 189 (Ch. 1862); Bell v. Mecum, 75 N.J.L. 547 (E. & A. 1907); Atlantic City Lumber Co. v. Atlantic City, 104 N.J. Eq. 483 (E. & A. 1929).
So, in this case, the materials having been delivered to the premises for use in the construction of the building, the owner having paid for them and later terminating the contract in accordance with its terms, the plaintiff was entitled to compensation for his services computed on the basis agreed upon, i.e., ten per cent of the total cost of construction and labor up to that date.
The judgment is affirmed.