35 N.J. Super. 414 (1955)
114 A.2d 443
THE PUBLIC UTILITY CONSTRUCTION AND GAS APPLIANCE WORKERS OF THE STATE OF NEW JERSEY, LOCAL NO. 274, ETC., ET AL., PLAINTIFFS-APPELLANTS,
v.
PUBLIC SERVICE ELECTRIC AND GAS COMPANY, NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1955.
Decided May 20, 1955.
*415 Before Judges GOLDMANN, FREUND and CONFORD.
*416 Mr. Frederick E. Riethmuller argued the cause for the plaintiffs-appellants (Mr. Jacob Friedland, attorney).
Mr. Luke A. Kiernan, Jr., argued the cause for the defendant-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
As part of the settlement of a strike, the appellant Local No. 274 and the respondent entered into a written agreement which provided that the propriety of the discharge of appellant, Francis C. Juillet, be "submitted to Arbitration in accordance with the rules of Arbitration of the N.J. State Board of Mediation." Pursuant thereto, arbitrators were appointed, a submission agreement was executed, hearings were held on March 16 and 19, 1954, and on May 4, 1954 the last brief was filed. On May 19, 1954, the arbitrators met to consider the briefs and the evidence. Two members of the board comprising a majority found for the plaintiff; one signed the award on June 8, 1954 and the other on June 11, 1954, while the dissenting member filed his dissent on June 18, 1954.
The defendant filed an action in the Law Division of this court to vacate the award for several reasons, among them that it was not made within 30 days after the close of the hearing as required by the rules of the State Mediation Board.
Rule V-(11) provides that
"If * * * briefs or other evidence are to be supplied, the hearings shall be declared closed as of the final date for receiving such material, and in the absence of other agreement by the parties, the time limit within which the Arbitrator is required to make his award shall start as of that date."
Rule VI reads:
"The award shall be made promptly within the time set in the agreement between the parties or a mutually-agreed upon extension, but in no case more than 30 days after the closing of hearings."
The trial court sustained the defendant's contention and set aside the award under N.J.S. 2A:24-8(d) because the *417 arbitrators having filed their award 38 days after the close of the hearing, exceeded their authority. Thereupon the plaintiff wrote to the Mediation Board and the defendant requesting resubmission of the dispute, but the Board notified the plaintiff that the defendant refused to proceed with arbitration on the ground of res judicata. The plaintiffs thereupon filed a complaint and obtained an order to show cause why the defendant should not be directed to submit to arbitration the question of the propriety of the discharge of Francis C. Juillet, in accordance with the labor agreement between the parties. The defendant filed an answer, and after argument on the order to show cause the court entered judgment dismissing the complaint and discharging the order for the reason that the judgment in the former suit was res judicata. This appeal is from that judgment.
The defendant in support of its argument of res judicata contends that the plaintiff should have filed a counterclaim for rehearing in the former action or should have appealed from the former judgment. It also urges that having submitted to arbitration it is not obliged to again arbitrate the same issue in the absence of an agreement to do so. The plaintiffs contend that the former judgment is not res judicata and that they are entitled to an order for arbitration under the agreement.
In the first proceeding, the defendant maintained and the trial court sustained its contention that the award was ineffective because it had been filed more than 30 days after the close of the hearings and, therefore, beyond the time required by the rules which the parties agreed should govern the arbitration.
Generally, whenever the agreement, applicable rules or statute fixes a time within which the award is to be made, an award made by the arbitrators after such time is a nullity and void. Goerke Kirch Co. v. Goerke Kirch Holding Co., 118 N.J. Eq. 1 (E. & A. 1935); 3 Am. Jur., Arbitration and Award, § 116, p. 940; Note, 154 A.L.R. 1394.
The only issue litigated in the first proceeding was whether the award was made by the arbitrators within the *418 time required by the rules. The judgment of the trial court is conclusive in that regard. However, it did not go to the merits of the controversy between the parties. Such a judgment is not res judicata on the right of the parties to arbitration under the agreement, which is the issue raised and determined in the instant proceeding. Freudenreich v. Mayor, etc., Fairview, 114 N.J.L. 290 (E. & A. 1935).
The fact that the plaintiffs did not appeal from the judgment in the first proceeding is no bar to the present action. There was no error by the court in the entry of that judgment. The award was undisputably made by the arbitrators more than 30 days after the close of the hearings, and there was no agreement for any extension of time. An appeal is taken from erroneous rulings and here the ruling was not erroneous.
Nor do we find any merit to defendant's contention that the plaintiffs should have filed a counterclaim for rehearing under the provisions of N.J.S. 2A:24-8, Arbitration and Award, the pertinent portion of which reads as follows:
"The court shall vacate the award in any of the following cases:

* * * * * * * *
d. Where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made.
When an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."
In the instant case, the court could not exercise its discretion to direct a rehearing for several reasons; one is that the time for the filing of the award had expired. Additionally, the plaintiffs' right to an order for arbitration, which we shall discuss later, did not arise until the award had been vacated. Therefore, the plaintiffs were not required to file a counterclaim and their failure to do so does not operate as a bar to the present application.
We come now to the question of whether the plaintiffs are entitled to apply for an order requiring the defendant to arbitrate the controversy specified in their agreement. Prior *419 to and when the agreement for arbitration was entered into, the parties were bound by an underlying labor agreement dated April 15, 1953 and extended to June 30, 1954, except in particulars not here pertinent. In the provision relating to arbitration, it was agreed as follows:
"* * * The [Arbitration] Board so constituted shall, without delay, hear the evidence and render its majority decision, which shall be final and binding upon both parties for the duration of this Agreement."
It is well settled law that arbitration is favored by the courts, that submission to arbitration is essentially a contract, that the parties are bound only to the extent of their contract and have a right to stand upon the precise terms thereof. Goerke Kirch Co. v. Goerke Kirch Holding Co., supra; Machine Printers, etc., United States v. Merrill, etc., Works, Inc., 12 N.J. Super. 26 (App. Div. 1951). In interpreting an arbitration contract, as in other contracts, the primary rule is to ascertain the intention of the parties from the entire instrument and effect a construction most equitable to the parties. Washington Construction Co., Inc., v. Spinella, 13 N.J. Super. 139 (App. Div. 1951), affirmed 8 N.J. 212 (1951).
Here, the parties settled a strike and agreed that the discharge of the plaintiff Juillet be submitted to arbitration in accordance with the rules of the New Jersey Board of Mediation, and pursuant to their engagement they appeared, produced evidence and argued their respective causes before a duly appointed body of arbitrators. The award made by the arbitrators was vacated, not because of any fault of either party, but because of the error, neglect or omission of the arbitrators.
The defendant argues that
"When the Board of Arbitration failed to make its award within the time agreed upon by the parties, the submission to arbitration was revoked and the contract was at an end, and in the absence of an agreement between the parties to re-submit the issue to arbitration, there is * * * no obligation on the defendant to again re-litigate by way of arbitration the issue involved."
*420 Is this contention valid? Was this the intention of the parties? Is the defendant's argument consistent with the arbitration provision in the basic labor agreement between the parties providing that a majority decision of the arbitrators be final and binding upon both parties?
The very formality of the agreement between the parties suggests that they intended something more than attending a hearing and submitting testimony and argument. The parties clearly intended that a valid award was to follow the hearing and that they were to be bound thereby. The submission of testimony without an effective award is not such an arbitration as the parties contemplated. For without an award there is no decision on the propriety of the discharge of Juillet and there has been no arbitration in the sense in which the parties intended. To hold that under the facts and circumstances of this case there has been an arbitration of the issue would emasculate the intention and agreement of the parties.
The defendant relies upon the case of Goerke Kirch Co. v. Goerke Kirch Holding Co., supra, but we think it distinguishable from the present case. There, the agreement provided for the appointment of arbitrators who were to determine the "`fair market annual rental'" to be paid for certain premises, and it was expressly stipulated that their determination was to be made not later than a specified date. The determination was made after the stipulated date and was set aside because of the arbitrators' misbehavior. An order for rearbitration was made, and this too was vacated. Mr. Justice Heher, speaking for the former Court of Errors and Appeals, pointed out that the stipulation was of the essence of the contract and that there was no intention to submit to rearbitration. He said:
"It is a corollary of the foregoing that, on a failure of arbitration, the status quo ante is restored. The rights and remedies of the parties are as they subsisted before the making of the submission agreement. Here the abortive termination of the arbitral proceeding operated to revive the rights and remedies, obligations and burdens created or imposed by the original contract, as they existed when the arbitration agreement was made. * * * Equity distinguishes between *421 the stipulations which are of the essence of a contract, and those which are not; but here, for the reasons to be stated, the provision for the determination of the question at issue by arbitration is in the former category. * * * The arbitration provision was clearly of the essence and substance of the contract. * * * The contract at issue is wholly executory. Neither party surrendered any right, nor changed its position, on the strength of it; there was no such intention."
In the case at bar, the contract did not contain any fixed date for the making of the award; the time for the filing of it was not of the essence of the contract as the strike had been settled. What was essential in the agreement was that a determination be made on the propriety of the discharge of Juillet. The time for the making of the decision by the arbitrators in conformity with the rules was merely incidental to the main issue. While the agreement for the submission to arbitration of Juillet's discharge may not have been the sole motivation for the settlement of the strike, it is reasonable to infer that it had at least some influence in that direction.
Where the award was abortive because of the fault of the arbitrators, the logical result is that the parties are relegated to their rights and obligations under the original agreement, which are not affected by a judgment setting aside an award. Unless impossible, a resubmission to arbitration should be ordered. 3 Am. Jur., Arbitration and Award, § 55, p. 885; § 181, p. 995.
In conclusion, we construe the agreement herein involved to mean that the parties intended the controversy be submitted to arbitration which comprehended not only hearing of evidence, but an award that would be final and binding upon both parties. The award having been set aside through no fault of either party, there has not been the arbitration intended by the agreement. Here, nothing appears to render resubmission to arbitration impossible. Accordingly, the judgment is reversed.