PISCATAWAY TOWNSHIP BOARD OF EDUCATION, PLAIN-TIFF-APPELLANT, v. PISCATAWAY TOWNSHIP EDU-CATION ASSOCIATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 10, 1978—Decided November 17, 1978.

Before Judges CONFORD, PRESSLER and KING.

*Mr. David B. Rubin* argued the cause for appellant (*Messrs. Rubin, Lerner & Rubin,* attorneys).

*Mr. Jack Wysoker* argued the cause for respondent (*Messrs. Mandel, Wysoker, Sherman, Glassner & Weingartner,* attorneys).

PER CURIAM. The underlying substantive question of public emp'oyment labor law on this appeal is the same as that we deal with in our opinion today in *In the Matter of*

*Piscataway Tp. Bd. of Ed. and Piscataway Tp. Principals Ass'n,* 164 *N. J. Super.* 98. The appeals were argued together.

■ On April 27, 1976 the Piscataway Township Board of Education (Board) adopted a resolution reducing the yearly term of employment of persons holding the positions of Head Guidance Coordinator and Elementary Vice-Principal from 12 months to 10 months, with corresponding reduction in compensation. This action was to be effective April 29, 1976. The purpose was to effect operating economies. All personnel affected are represented by the Piscataway Township Education Association (Association) which had negotiated a collective negotiation agreement with the Board in effect for the period October 5, 1975 through June 30, 1978.

The Association commenced a grievance procedure under the contract against the action of the Board, which had not been the subject of negotiation in advance between the contract parties. The grievance process culminated with a denial of relief by the Board on July 23, 1976, whereupon the Association filed a demand for arbitration. The Board then instituted an action in the Chancery Division to enjoin the arbitration. By order of January 10, 1977 the court permitted the arbitration to go forth. No appeal was taken by the Board. After a series of hearings the arbitrator on September 12, 1977 made an award in favor of the Association, holding the Board had violated the contract by unilaterally reducing the working year. The Board was ordered to make the grievants whole for the 1976–1977 and 1977–1978 school years by paying them the difference between the contract earnings and actual earnings.

On September 27, 1977 the Board instituted a summary proceeding in the Chancery Division pursuant to *N. J. S. A.* 2A:24–1 *et seq.* to vacate the arbitrator's award on various grounds; including alleged infringement "upon the statutory and nonnegotiable rights of the Board." The Association counterclaimed for confirmation of the award. The court denied the application of the Board and granted that of the

Association. The Board filed this appeal after denial of its motion for reconsideration.

The Board's basic ground of appeal is that the subject matter of the grievance before the arbitrator resided in the sphere of exclusive managerial prerogatives vested in the Board by law and that the disputed action constituted a valid reduction in force under *N. J. S. A.* 18A:28–9, not requiring prior negotiations with the employees' representative. These contentions were, in effect, rejected by us in our opinion in *In the Matter of Piscataway Tp. Bd. Ed.* and *Piscataway Tp. Principals Ass'n., supra.* In that case a similar resolution was adopted by the Board at about the same time, affecting other employees of the school system in the same way. We held the subject matter of the dispute had properly been determined by the Public Employment Relations Commission (PERC) to constitute terms and conditions of employment, and the unilateral action of the Board without prior negotiation with the employees' negotiating representative both a violation of the employees' collective negotiating rights and an unfair practice under the Employer-Employee Relations Act.

The same principles being involved in both cases, we conclude, for the reasons set forth in the *Principals Association* case, that the arbitrator had jurisdiction in the matter and that the contention that his award in favor of the Association contravened the statutory rights and powers of the Board is patently without merit.

We observe, however, that by virtue of the recent decision of the Supreme Court in *State v. State Supervisory Employees Ass'n,* 78 *N. J.* 54 (1978), any future attempt by a public employer to initiate a proceeding to challenge an employee representative's invocation of a contractual right of arbitration, based on the employer's contention that the subject matter of the dispute is not mandatorily negotiable as a matter of law, must be pursued before PERC, not by an action in the Superior Court.

Judgment affirmed.