The association's motion for a summary judgment of foreclosure must be granted.

■ This suit and Katznelson's motion include a third-party complaint against the seller of the Katznelson property, Vernedia Crawley and against the County Clerk, Edward A. Kelly. Neither has responded. As to the clerk, no sustainable theory has been advanced which can make him liable, and that is particularly so in view of my disposition of the association's summary judgment motion. I am, therefore, *sua sponte*, dismissing the third-party complaint against him. It is clear, however, that Vernedia Crawley is liable to Katznelson and the summary judgment motion against her is allowed.

GEORGE ZERVOS, PLAINTIFF, v. FREEDMAN PROPERTIES, LTD., A LIMITED PARTNERSHIP, DEFENDANT.

Superior Court of New Jersey
Chancery Division Burlington County

Decided December 14, 1987.

600

*Richard J. Jubanyik* for plaintiff *(Jubanyik, Varbalow, Tedesco, Shaw & Shaffer,* attorneys).

*Gerald J. Muller* for defendant *(Miller, Porter & Muller,* attorneys).

WELLS, J.S.C.

This is an action to confirm an award of arbitrators. *N.J.S. A.* 2A:24-1 *et seq.* The facts are as follows.

On April 30, 1984 plaintiff, George Zervos, entered into a contract with defendant, Freedman Properties, Ltd., to construct a commercial building. Paragraph 7.9.1 of the agreement provided that any disputes relating to the contract "shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA) then obtaining unless the parties mutually agree otherwise."

A dispute did arise between the parties which proceeded to arbitration. Hearings were held in late October 1986 and on May 12, 1987. At the last hearing the arbitrators set June 1, 1987 as the date for receipt of briefs and either asked for leave to hold executive sessions thereafter or simply told counsel they were going to do so. By letter dated July 28, 1987 Tom Cutrone, AAA Tribunal Administrator, advised the parties that the hearings had been declared closed on July 16, 1987 and that "pursuant to the Rules, the arbitrators will have 30 days from that date, or until August 15, 1987 within which to render an award." The award, rendered in favor of Zervos in the amount of $67,087, was signed by each of the three arbitrators on August 12, 13 and 17, 1987 respectively. By letter dated August 28, 1987 Gerald J. Muller, attorney for Freedman Properties, Ltd. asked Cutrone when the award would be submitted. By letter dated September 14, 1987, Muller advised Cutrone that he had received the award on August 31, 1987 and asserted for the first time that it was invalid since it was

entered subsequent to the time limit prescribed by the construction industry association rules of the AAA.

On October 1, 1987 Zervos filed a verified complaint and order to show cause why the award should not be confirmed. In response, Freedman Properties, Ltd. moved to vacate the award on the ground that the arbitrators exceeded their authority by failing to make their award by July 1, 1987.

■ We must look to the applicable construction industry arbitration rules of the AAA for the resolution of this matter.

Rule 35 provides in pertinent part:
... If briefs are to be filed, *the hearings shall be declared closed as of the final date set by the arbitrator for the receipt of briefs....* The time limit within which the arbitrator is required to make an award shall commence to run, in the absence of other agreements by the parties, upon the closing of the hearings. [Emphasis supplied]

Rule 38 provides:
Any party who proceeds with the arbitration after knowledge that any provision or requirement of these Rules has not been complied with and who fails to state an objection thereto in writing, shall be deemed to have waived the right to object.

Rule 39 provides in pertinent part:
The parties may modify any period of time by mutual agreement. The AAA for good cause may extend any period of time established by these Rules, *except the time for making the award.* The AAA shall notify the parties of any such extension of time and its reason therefor. [Emphasis supplied]

Rule 41 provides in pertinent part:
The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties, or specified by law, not later than thirty days from the date of closing the hearings....

The court finds that the due date for the award was July 1, 1987. Under AAA Rule 35 the hearings were closed on June 1, 1987. This was the date set for receipt of final briefs and the date by which they were in fact received. Under AAA Rule 41 the award was required no later than 30 days thereafter. The holding of executive sessions does not extend the date of the closing of the hearings. Furthermore, even if the parties had mutually agreed to the holding of executive sessions such agreement does not amount to an extension of either the time

of the closing of the hearings or the time for the entry of the award. AAA Rule 41 requires that the parties expressly agree to such an extension. In his letter of July 28, 1987 Cutrone informed the parties that the hearings had been closed on July 16, 1987 and the award would be rendered by August 15, 1987, 30 days thereafter. Cutrone's letter gives no reason for selecting July 16, 1987 as the closing date. Moreover, it stands in contravention of AAA Rule 39 which expressly provides that the AAA may not unilaterally extend the time for making the award.

■ By closing the hearings almost two months after the submission of final briefs without the explicit agreement of the parties to this delay and the concomitant delay in the entry of its award the AAA acted beyond the scope of its authority. Arbitration is viewed favorably by the courts and for that reason judicial interference with the role of the arbitrator is strictly limited. However, a court may not defer to an arbitrator's decision when he exceeds the authority granted to him by the contract of the parties.

> When parties have agreed, through a contract, on a defined set of rules that are to govern the arbitration process, an arbitrator exceeds his powers where he ignores the limited authority that the contract confers. The scope of an arbitrator's authority depends on the terms of the contract between the parties. [*Cty. Coll. of Morris Staff v. Cty. Coll. of Morris*, 100 *N.J.* 383, 391 (1985); *see Communications Workers v. Monmouth County Bd. of Social Servs.*, 96 *N.J.* 442 (1984); *Goerke Kirch Co. v. Goerke Kirch Holding Co.*, 118 *N.J.Eq.* 1 (E. & A. 1935) ].

Freedman Properties, Ltd. argues that since the award of the arbitrators was not made within the time required by the construction arbitration rules it should be set aside under *N.J.S.A.* 2A:24(8)(d). This provision expressly permits judicial vacation of an award "where the arbitrators exceeded or so imperfectly executed their powers that a mutual, final and definite award upon the subject matter submitted was not made."

■ Were it not for AAA Rule 38 this court would be compelled to vacate the award. As a general rule, a court may

not confirm an award made beyond the time required by the parties' contract. *Public Utility Workers v. Public Service Co.*, 35 *N.J.Super.* 414 (App.Div.1955). In that case, as part of the settlement of a strike, the parties entered into a written agreement which provided that the question of the propriety of the discharge of a particular employee would be submitted to arbitration which was to be conducted in accordance with the rules of the State Mediation Board. These rules provided that the award was to be made within 30 days after the close of the hearings. The trial judge set the arbitrators' award aside because the arbitrators' filed their award 38 days after the close of the hearings, thereby exceeding their authority. Although the trial judge's decision to vacate the arbitrators' award was not specifically before it, the appellate court found that decision to be conclusive with regard to the question of the timeliness of the award. The court stated that "generally whenever the agreement, applicable rules or statute fixes a time within which the award is to be made, an award made by the arbitrators after such time is null and void." *Id.* at 417.

The case at bar is distinguishable in that the construction arbitration rules of the AAA contain a "waiver of rules" provision to which the parties are bound to adhere. AAA Rule 38 states that if a party, knowing that a construction industry arbitration rule has been violated, proceeds with arbitration and does not object to the violation in writing he waives the right to object. Cutrone notified the parties by letter dated July 28, 1987 that the arbitrators had not closed the hearings until July 16, 1987. No objection to the delay was voiced by either party. In fact, in a letter to Cutrone dated August 28, 1987 in which he referred to the fact that the hearings had been closed "many months ago," Muller asked to be informed of when the arbitrators would be submitting the award. In this letter Muller stated that his client was "quite anxious to learn the results."

By this letter Muller clearly evinced a willingness to proceed with arbitration by awaiting the arbitrators' award despite their failure to timely render it. It was not until after the award had been submitted that Muller, by letter dated September 14, 1987, expressed an unwillingness to adhere to the award because of its untimeliness. In that letter he stated that since the award was executed well past the July 1, 1987 deadline he considered it to be invalid.

This letter, in my opinion, came too late as a valid written objection to the timeliness of the award under Rule 38. Freedman Properties, Ltd. had from July 2, 1987 to make the objection and did not do so until September 14, 1987, almost 2½ months later. In the meantime the award had been announced. Absent other statutory objections, none of which are asserted here, Zervos had a right to its confirmation and payment. In addition, the public had an interest in the final resolution of the dispute. The delay in objecting meets the classic criteria of laches in equity in that it was without excuse and clearly prejudicial. *Lavin v. Hackensack Bd. of Ed.*, 90 *N.J.* 145, 151 (1982); *Atlantic City v. Civil Service Com.*, 3 *N.J.Super.* 57, 60 (App.Div.1949).

By its failure to timely object to the arbitrators' delay in closing the hearings and submitting their award Freedman Properties, Ltd. waived its right to make that objection. Accordingly, this court confirms the award of the arbitrators.