CITY OF ATLANTIC CITY, PLAINTIFF, v. ATLANTIC CITY FIREFIGHTERS LOCAL 198, IAFF, DEFENDANT.

Superior Court of New Jersey
Chancery Division Atlantic County

Decided January 30, 1989.

*Robert E. Murray* for Plaintiff (*Murray & Murray,* attorneys)

*Thomas P. Foy* for Defendant (*Schlesinger, Schlosser and Foy,* attorneys)

GIBSON, J.S.C.

The within action is an outgrowth of an impasse between the parties regarding a successor contract to their 1984–86 collective bargaining agreement. Because of that impasse, both parties initiated compulsory interest arbitration which ultimately led to an opinion and award dated August 31, 1988. *N.J.S.A.* 34:13A–16. Although both parties agree that the award should be confirmed by the court, plaintiff seeks a modification of the award with respect to "minimum manning." Essentially, the City seeks a reading of the award to the effect that minimum

manning disputes are not arbitrable. It also seeks to permanently enjoin the Firefighters from submitting minimum manning disputes to binding arbitration.

Prior to the issuance of the arbitration award, the Firefighters filed a grievance under Article 24 (Health and Safety) of the prior collective bargaining agreement disputing plaintiff's determinations regarding minimum manning. In response to defendant's effort to arbitrate grievance, the City filed a petition for a scope of negotiations determination with the New Jersey Public Employment Relations Commission (PERC). That petition is still pending. Approximately nine months following the filing of that petition, the City initiated this lawsuit.

Both sides agree that the issues before the court can be disposed of summarily. The matter was submitted by way of an order to show cause with each side submitting briefs, affidavits and oral argument. The following represents this court's factual recitation and conclusions of law.

### FACTUAL BACKGROUND

The plaintiff, City of Atlantic City (City), is a public employer within the meaning of the *New Jersey Employer-Employee Relations Act, N.J.S.A.* 34:13A-1 et seq. The defendant Atlantic City Firefighters, Local 198, IAFF (Firefighters) is an employee representative within the meaning of the above statute and is the exclusive negotiating representative for all uniformed fire department personnel in the City of Atlantic City. When the collective negotiations agreement which was in effect between January 1, 1984, and December 31, 1986, expired and the parties were unable to successfully negotiate a new agreement, both sides filed a petition for compulsory interest arbitration pursuant to *N.J.S.A.* 34:13A-16. Both sides also agreed to utilize services of Robert E. Light, Esq. as an interest arbitrator following which hearings were conducted and submissions were made by both sides. Arbitrator Light issued his award and opinion on August 31, 1988, (Docket No. IA 87-41) the full

text of which is attached to plaintiff's complaint as Exhibit 2. The content of that opinion is incorporated here by reference.

For present purposes the relevant portions of the opinion and award deal with "hiring practices" and the critical language is as follows:

### Hiring Practices

(A) Both parties agree that the union and/or union safety committee can make non-binding recommendations to the Chief of the Fire Department to set safety manning standards for (fire) engines and trucks.

19. That the City pledges to do whatever is economically feasible regarding increased staffing levels to insure continued safe fire protection for its citizens and a continued safe working environment for members of the bargaining unit.

The City contends that Item 19 represents a non-binding statement of the City's intent regarding staffing levels. The Firefighters disagree. Prior to the compulsory interest arbitration which lead to the above award, the parties were attempting to negotiate a new contract and had reached a memorandum of understanding which, among other things, contained the same language as mentioned in Item 19. That memorandum, however, was never ratified because the union took the position that its approval was subject to the City fulfilling a side agreement under which it allegedly committed itself to issuing a departmental order providing for minimum staffing for the safety of Firefighters. The City categorically denied the existence of that agreement and that part of the dispute was addressed by arbitrator Light.

Because of the City's unwillingness to implement the alleged side agreement, not only was the memorandum of understanding never ratified but the Firefighters filed a grievance in which it relied on the then expired prior contract. In that grievance the union claimed that the fire suppression forces of the City of Atlantic City were responding with an unsafe amount of staffing to all fires and on each apparatus. The City responded on December 16, 1988, by filing a petition for a "scope of negotiations" determination with PERC. In that

petition the City takes the position that minimum manning disputes can not be submitted to binding arbitration as a matter of law. As indicated, the petition is still pending. The union takes the position that Item 19 provides authority for binding arbitration of safety issues relating to performance at function levels and asserts that it intends to submit such disputes to binding arbitration. The City contends that the issue of minimum staffing levels is an illegal subject for negotiations as a matter of law.

As indicated at the outset, the City asks this court to confirm the Interest Arbitration Award but with the limitation that the award only contain legally negotiable and enforceable subjects. To be more specific, the City takes the position that under current state law minimum manning disputes can not be submitted to binding arbitration and thus this court should confirm the award with a proviso declaring that Item 19 of the award simply represents a non-binding statement of purpose; it therefore would not provide authority for binding arbitration of minimum manning disputes. In addition to that declaration, the City also seeks to enjoin the Firefighters from seeking to arbitrate any such disputes. The initial question to be decided by this court, therefore, is whether it can modify an arbitrator's award in the manner requested by the City.

## LEGAL CONCLUSIONS

As an initial matter, it should be noted that when an arbitrator's award is presented to a court for confirmation and enforcement, the presumption is in favor of the award's validity. *International Brotherhood of Teamsters Local 560 v. Bergen–Hudson Roofing Supply Co.,* 159 *N.J.Super.* 313 (Ch. Div.1978). "An arbitrator's decision cannot be judicially altered because of mistake of law or fact made by the arbitrator, and, broadly speaking, judicial review of an arbitrator's award is much more limited in scope, than is appellate court review of a trial court decision." *Barcon Associates Inc. v. Tri–County*

*Asphalt Corp.*, 160 *N.J.Super.* 559, 565 (Law Div.1978), aff'd, 172 *N.J.Super.* 186 (App.Div.1979), aff'd, 86 *N.J.* 179 (1979). There is no authority under the Arbitration Act which authorizes adding a "proviso" to the award. *See generally, N.J.S.A.* 2A:24–7 *et seq.*

*N.J.S.A.* 2A:24–9 permits modification of an award in the matters where there is an error appearing on the face of the award. *Daly v. Komline–Sanderson Engineering Corp.*, 40 *N.J.* 175, 178 (1963). For this section to apply, however, there must be some evident mistake on the face of the award. That is not the case here; nor has the City alledged that the arbitrator's award is not in the proper form. Thus, the only statutory basis for challenging the confirmation of an award would be through *N.J.S.A.* 2A:24–8 which provides for the vacating of awards which are produced by fraud, corruption, undue means or where the arbitrator exceeded or imperfectly executed his or her powers so that a mutual, final and definite award was not made. Not only do none of these categories apply here, the City does not seek to have the award vacated. Having reviewed the statute and the case law, therefore, it is my conclusion that the position advanced by the City with respect to the adding of a proviso to the confirmation is not authorized and I reject it.

Despite the above conclusion, there is still an open question as to whether the court may nevertheless grant the City relief by simply confirming the award and then treating the result as a collective bargaining agreement in need of interpretation. For example, when a party is confronted with a contract dispute and its opponent is resisting an attempt to have the dispute arbitrated, it may go to the Superior Court for a ruling on the issue of the contractual obligation to arbitrate. *Ridgefield Park Ed. Assn. v. Ridgefield Park Board of Ed.*, 78 *N.J.* 144, 155 (1978). However, the availability of a judicial remedy with respect to the issue of arbitrability does not resolve the problem here where the threshold question relates

to the authority of the parties to negotiate a particular subject. That creates a "scope of negotiation dispute" and therefore PERC has primary jurisdiction. *See N.J.S.A.* 34:13A–5.4(d); *State v. State Supervisory Employees Association,* 78 *N.J.* 54 (1978). Based on that premise, the union correctly argues that if this court interprets the contract (award) in the manner urged by the City, the effect would be to deprive PERC of its lawful jurisdiction.

It must be emphasized that under our existing legislative scheme, considerable deference is given to the administrative process, particularly with respect to the resolution of disputes involving collective bargaining agreements. Long standing and firmly held policy reasons support that deference and those reasons are not open to challenge here. Although our courts have recognized that despite that deference, it may sometimes be necessary to invoke the jurisdiction of both PERC and the Superior Court, PERC is still given primary jurisdiction to determine whether the subject matter of the dispute is within the scope of collective negotiations. *Ridgefield Park Education Association v. Ridgefield Park Board of Ed.,* 78 *N.J.* at 153–154.

The court's role relates to contract interpretation and the obligation to arbitrate. Even the issue of contractual arbitrability, however, may not be reached if the threshhold issue is whether the subject of the grievances is within the scope of collective negotiations. That is the case here. *Id.* at 155. These parties do not dispute their contractual obligation to arbitrate in general. The question here is what was intended by Item 19 and whether disputes regarding that item were to be arbitrable. Since that is essentially a "scope" question, it should first be resolved through the pending proceeding before PERC. If one of the parties disagrees with PERC's determination on the scope question, an appeal to the Appellate Division is expressly authorized by *N.J.S.A.* 34:13A–5.4(d). *See also Piscataway Twp. Bd. of Ed. v. Piscataway Twp. Ed.,* 164 *N.J.Super.* 102, 105 (App.Div.1978).

The City nevertheless argues that it is not asking the court for determination on the pending scope of negotiations petition but simply seeks to confirm the arbitration award and as part of that process to have a determination made that the award does not contain a legally enforceable manning provision. I can not see how that approach changes the analysis. The City's premise is that the contract must be interpreted in a manner consistent with the state law. Although that is true, it begs the question. The issue here is the appropriate forum for that interpretation. Since PERC has primary jurisdiction on "scope" issues and since there is a strong perference for the exhaustion of administrative remedies, PERC is most appropriate forum in this context, not the court.

I am similarly unpersuaded by the City's argument that the resolution of the dispute is that clear cut on the merits. Essentially, the City argues that minimum manning provisions are simply illegal and therefore unenforceable. It thus asks the Court to interpret Item 19 of the award and Article 24 of the earlier contract in a manner which confirms that they are not to be viewed as "minimum manning" provisions. It is true that inherent managerial prerogatives which are delegated by the legislature to a municipality can not be negotiated away by agreement. *Jersey City v. Jersey Police Officers Association,* 179 *N.J.Super.* 137 (App.Div.1981), certif. den., 85 *N.J.* 486 (1981); See *N.J.S.A.* 34:13A–5.4. It is also true that the City has discretion to enact ordinances fixing the number of fire personnel. *See Hamill v. Clifton,* 10 *N.J.Misc.* 843 (Sup.Ct. 1932). It is thus fair to conclude that the City's judgment in determining the number of personnel necessary for firefighting would be an inherently managerial function which can not be negotiated away by agreement.

That is not necessarily the same thing, however, as saying that all issues relating "manning" may not be negotiated. For example, the various PERC cases make it clear that although minimum manning is not a "mandatorily" negotiable

topic, there is an inherent relationship between manning and safety issues. *See City of East Orange*, 6 *N.J.P.E.R.* 378 (¶ 11195 1980), aff'd, App.Div., Docket No. A4851-79 (July 15, 1981), certif. den., 88 *N.J.* 476 (1981). The fact that a subject is not mandatorily negotiable also does not mean that it is beyond bargaining. The courts recognize certain subjects as being "permissively" negotiable. *Id.* at 378. See *Ridgefield Park Ed. Assn. v. Ridgefield Park Bd. of Ed.*, 78 *N.J.* at 158; *Paterson Police PBA v. Paterson*, 87 *N.J.* 78, 87 (1981). Thus although the question of the minimum number of firefighters to be employed by the department is not mandatorily negotiable, it is possible that the Union's grievance impacts on a related area which is within the "permissive" category referred to above. Whether that was what was contemplated by the discussions that led to Item 19 is another question. The City strongly argues that it was not. Even if it was, however, PERC may still determine that the subject was non-negotiable. The point here is that issue is not so black and white as to mandate that the court address it and thus override the legislative scheme which suggests that it first be addressed by PERC. Contractual arbitrability may not be reached by a court where there is a contest over the threshhold issue of whether the subject matter of the grievance is within the scope of collective negotiations. *Ridgefield Park Ed. Assn. v. Ridgefield Park Bd. of Ed.*, 78 *N.J.* at 155.

## CONCLUSION

In sum, it is the conclusion of this court that the opinion and award of arbitrator Light should be confirmed. The City's request to add a proviso regarding the impact of Item 19 is rejected as being unauthorized by the statute. As to the City's request to enjoin the defendant union from submitting minimum manning disputes to binding arbitration, that request is similarly rejected as being premature. Since the threshold issue to be determined is whether the subject matter of the intended grievance is within the scope of collective negotiations,

the judgment should first be made by PERC despite the outstanding issue of arbitrability. The within dspute is therefore referred to PERC where a petition is now pending. The court will not retain jurisdiction. Defendant's request for counsel fees is denied. Counsel for the defendant should submit an order consistent with the above ruling.