244 N.J. Super. 1 (1990)
581 A.2d 508
AGS COMPUTERS, INC., A CORPORATION OF THE STATE OF NEW YORK, PLAINTIFF-APPELLANT,
v.
BEAR, STEARNS & COMPANY, INC., A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 26, 1990.
Decided October 17, 1990.
*2 Stephen N. Dratch argued the cause for appellant (Greenberg Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin, P.A., attorneys, Stephen N. Dratch of counsel and Steven Pasternak on the brief).
Frederick W. Rose argued the cause for respondent (Young, Rose, Imbriaco & Burke, attorneys, Frederick W. Rose and Vincent J. Profaci on the brief).
Before Judges KING, R.S. COHEN and STERN.
The opinion of the court was delivered by COHEN, R.S., J.A.D.
AGS Computers, Inc., contracted with Bear, Stearns & Company, Inc., a securities brokerage, to develop software for a *3 government bond trading system, and to advise Bear, Stearns on choosing computer hardware for the system. AGS worked on the contract for a substantial period of time until it was terminated by Bear, Stearns. At the time, there were $442,280.79 in unpaid AGS invoices which Bear, Stearns refused to pay.
AGS's action for the unpaid invoices was tried to a judge sitting without a jury. The two principal issues were (1) whether the unwritten contract was for time and materials, as AGS contended, or for payment upon successful completion of the job, as Bear, Stearns maintained, and (2) whether AGS's performance was substandard. AGS sued only for invoices already rendered at the time of termination, apparently conceding that Bear, Stearns had the right to terminate without obligation to pay future loss-of-profit damages.
The trial judge found that the contract was for time and materials, and that Bear, Stearns' contrary contention was belied by its having already paid about $2 million in periodic AGS invoices. The judge also found that Bear, Stearns' current complaints about AGS's performance were also belied by the absence of contemporaneous written complaints and by Bear, Stearns' efforts to hire away AGS personnel who were working on the contract. As a result of these findings, judgment was awarded for the full amount of AGS's $442,280.79 demand. The findings are supported by ample evidence in the record, and Bear, Stearns has neither appealed nor cross-appealed.
The trial judge declined, however, to award AGS any prejudgment interest, and it is that decision which AGS appealed. It is the only issue before us.
The trial judge's decision denying prejudgment interest is explained in one paragraph of his oral opinion:
As for the plaintiff's claim for interest, it is clear that the plaintiff  the plaintiff indicated he expected to be paid 30 days upon invoices due and owing. It is clear by his manifest expressions of actions that at no time did he anticipate  he understood he wasn't gonna be paid within 30 days. Never *4 sought interest prior to, never sought interest on the late payments set forth in the previous letters, and it was clear that he never anticipated nor expected nor will this court give any interest for monies due and owing on the invoices. Therefore, judgment for plaintiff in regard to the defendant for the amount set forth in the invoices due and owing.
The trial judge believed that AGS was entitled to interest if the parties' contract provided for it. That is true, but the contrary is not. That is, a plaintiff is not disentitled to prejudgment interest if there is nothing in the contract providing for it. And the fact that the contractor tolerated late payments without seeking interest during the contract's life does not disentitle the contractor to prejudgment interest after winning a lawsuit for earned payments never made.
Prejudgment interest is awarded in contract cases to compensate the claimant for the loss of income the money owed would have earned if payment had not been delayed. Busik v. Levine, 63 N.J. 351, 358, 307 A.2d 571, appeal dismissed 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973). Interest is payable on liquidated damages, not as of right, but in the exercise of judicial discretion and in accordance with equitable principles. Meier v. New Jersey Life Ins. Co., 101 N.J. 597, 622, 503 A.2d 862 (1986). It is not necessarily of consequence that defendant's opposition to the claim was interposed in good faith. Id.; Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 506, 323 A.2d 495 (1974). The equities ordinarily lie with an obligee who had to litigate the claim while the obligor retained the use of the funds. Small v. Schuncke, 42 N.J. 407, 416, 201 A.2d 56 (1964); Fasolo v. Division of Pensions, 190 N.J. Super. 573, 585, 587, 464 A.2d 1180 (App.Div. 1983).
Although prejudgment interest is discretionary, reversal for denying an award of interest is not unknown. See e.g., Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 541 A.2d 1063 (1988); Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 323 A.2d 495 (1974); Ellmex Const. Co. v. Republic Ins. Co., 202 N.J. Super. 195, 494 A.2d 339 (App.Div. 1985), certif. *5 den. 103 N.J. 453, 511 A.2d 639 (1986); Fasolo v. Division of Pensions, 190 N.J. Super. 573, 464 A.2d 1180 (App.Div. 1983).
The trial judge denied prejudgment interest because it was not expected by plaintiff, even for late payments, in the context of the ongoing contract. Because that is an insufficient reason for the decision, we reverse. Rova Farms, 65 N.J. at 505, 323 A.2d 495.
We remand for reconsideration by the trial judge consistent with the views we have expressed. We are not aware from the record before us of any equitable grounds for withholding interest. We do not foreclose the judge, however, from expressing and employing any such grounds known to him at the time of his original decision but unexpressed because he believed sufficient the ground which we have disapproved.
We also do not foreclose the judge from considering the appropriate rate of interest to award, see Tobin v. Jersey Shore Bank, 189 N.J. Super. 411, 460 A.2d 195 (App.Div. 1983), and the date or dates from which interest is to run. We are aware of the stipulation as to Mr. Oxfeld's testimony as embodied in Exhibit P-30. It is not binding on the court. We leave it to the trial judge to determine what if any further proceedings are required to complete the remand. We do not retain jurisdiction.