280 N.J. Super. 198 (1994)
654 A.2d 1039
ANNE ANDREWS, PLAINTIFF,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, Law Division (Civil), Monmouth County.
Decided October 21, 1994.
*200 Sidney I. Sawyer, for plaintiff (Sawyer, Gale & Laughlin, attorneys).
Stephen Foley, Jr., for defendant (Campbell, Foley, Lee, Murphy & Cernigliaro, attorneys).
ROBERT W. O'HAGAN, J.S.C.
Plaintiff, Anne Andrews (Andrews or plaintiff), filed a complaint and order to show cause seeking confirmation of an arbitrator's award pursuant to N.J.S.A. 2A:24-7, along with the payment of interest on the award and counsel fees relating to this action.
Defendant, Allstate Insurance Company (Allstate or defendant), opposes Andrews' claim for interest and counsel fees, arguing that when the plaintiff sought arbitration she failed to demand interest and consequently is barred from now making such claim.
A brief statement of the facts is set forth to crystalize the issues in dispute.
On December 12, 1991, Andrews was injured in a motor vehicle accident. Pursuant to N.J.S.A. 39:6A-1 to -35, she subsequently made a claim for reimbursement of dental expenses. Allstate apparently paid some of such expenses but declined to pay others for reasons not here pertinent. As allowed by her insurance policy, Andrews filed for binding arbitration seeking payment of dental bills. N.J.S.A. 39:6A-5c. On September 23, 1993, the arbitrator initially resolved the issue in her favor, requiring Allstate to make payment of certain dental bills and counsel fees incurred by the plaintiff. Each side thereafter, in a timely fashion and pursuant to the rules of the American Arbitration Association, sought clarification and correction of the arbitrator's award. Andrews, in that respect, maintained the arbitrator failed to consider bills for dental treatment beginning on December 12, 1991, through January 10, 1992. Allstate argued the arbitrator had erred in making an award for prospective bridgework that had not *201 yet been performed. This aspect of the award constituted a major part of the arbitration award. Thereafter, on November 29, 1993, the arbitrator rendered a modified award reconfirming the award for the bridgework to be performed in the future and recalculating the award to include the bills incurred between the date of the accident and January 10, 1992. When Allstate did not pay the award, this complaint and order to show cause were filed on February 23, 1994. Thereafter, on March 3, 1994, defendant made payment in full of each item awarded by the arbitrator. Acceptance of this payment was understood by each side to be without prejudice to plaintiff's claim for interest on the award and counsel fees for this application. Plaintiff seeks interest on the entire award of dental fees (inclusive of the prospective charge for the bridgework), calculated from June 1, 1992. Plaintiff also made a claim for post award interest dating from the modified arbitration award.
It is well settled that a carrier may not delay in making payment and that the court which confirms an arbitration award shall include in its judgment of confirmation interest from the date of the award. Ukrainian Nat'l Urban Renewal Corp. v. Joseph L. Muscarelle, Inc., 151 N.J. Super. 386, 376 A.2d 1299 (App.Div. 1977). In this case, the court determines post award interest is allowed but limited to the services which have heretofore been performed.
The remaining issue concerns pre-award interest. Resolution of this dispute requires analysis of two competing policies, each of which has substantial merit and is well established in the law.
The Legislature, when adopting the no-fault statute, mandated prompt payment of medical bills incurred as a result of injuries sustained in an automobile collision regardless of fault. Wilson v. Unsatisfied Claim and Judgment Fund Board, 109 N.J. 271, 279, 536 A.2d 752 (1988). Indeed the statute requires payment of interest when the carrier fails to make payment within a prescribed time. N.J.S.A. 39:6A-5b and Kowaleski v. Allstate Ins. Co., 238 N.J. Super. 210, 214-15, 569 A.2d 815 (App.Div. 1990). *202 This policy requiring prompt payment is so compelling that even a good faith reason to question the bills does not obviate the payment of interest where the carrier is found responsible on the underlying claim. Brewster v. Keystone Ins., 238 N.J. Super. 580, 584, 570 A.2d 468 (App.Div. 1990). Moreover, settlement by the carrier in certain circumstances does not affect the legal obligation to pay interest. Id. at 585, 570 A.2d 468. The legislative purpose in adopting the no-fault statute was to achieve a prompt and fair resolution without the need to subject the insured to a protracted legal battle. Fitzgerald v. Wright, 155 N.J. Super. 494, 497-98, 382 A.2d 1162 (App.Div. 1978).
On the other hand, arbitration of disputes is favored in the law. County College of Morris Staff Ass'n v. County College of Morris, 100 N.J. 383, 390-391, 495 A.2d 865 (1985). Every doubt is to be resolved in favor of the validity of the award. Jefferson Township v. Toro Dev. Corp., 199 N.J. Super. 459, 464, 489 A.2d 1212 (App.Div. 1955).
The court's role in reviewing arbitration awards is tightly circumscribed. N.J.S.A. 2A:24-8; Shahmoon Indus. Inc. v. United Steelworkers of America AFL-CIO, 263 F. Supp. 10, 13-14 (D.C.N.J. 1966); Morris Staff Ass'n, supra, 100 N.J. at 390-91, 495 A.2d 865. The court does not have authority to overturn or modify an award merely because it would have decided the matter differently. Perini Corp. v. Greate Bay Hotel & Casino, Inc., 129 N.J. 479, 496-497, 610 A.2d 364 (1992). Nor may a court overturn the award because it offends the court's sense of what is right or proper under the circumstances. Rather, the court may overturn or modify the arbitrator's award only in circumstances where the arbitrator exceeded his authority, Zervos v. Freedman Prop. Ltd., 223 N.J. Super. 599, 603, 539 A.2d 336 (App.Div. 1987), or where it is clear on the face of the award a mistake or miscalculation was made. Faherty v. Faherty, 97 N.J. 99, 112, 477 A.2d 1257 (1984); City of Atlantic City v. Atlantic City Firefighters Local 198, IAFF, 234 N.J. Super. 596, 561 A.2d 307 (Ch.Div. 1989). Certainly, where it is established that the award is the product of corruption, *203 fraud or partiality, the award may be overturned or modified. Perini, supra, 129 N.J. at 510, 610 A.2d 364. In circumstances where it is clear the arbitrator did not make a final, definite, and mutual award, the award may be modified. Id. at 515, 516, 610 A.2d 364.
The reviewing court must understand that submission to arbitration is contractual in nature. Local 462, Int'l Bros. of Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Charles Schaefer & Sons, 223 N.J. Super. 520, 525-26, 539 A.2d 295 (App.Div. 1988). It is not for the court to make a better contract for either of the parties. Id. at 526-27, 539 A.2d 295. Therefore, in only the most unusual of circumstances may the court overturn or modify an arbitrator's award. Morris Staff Ass'n., supra, 100 N.J. at 390, 495 A.2d 865. Once a fair result has been achieved consistent with the parties' contract, the law has an overriding interest in finality. Bocelli v. Hanover Metro Ins. Co., 219 N.J. Super. 6, 8, 529 A.2d 997 (App.Div. 1987). Finally, our system of jurisprudence discourages the piecemeal litigation of controversies. State, by State Highway Comm'r v. Speare, 86 N.J. Super. 565, 584-85, 207 A.2d 552 (App.Div.), certif. denied, 45 N.J. 589, 214 A.2d 28 (1965). It is necessary to balance these competing policies to determine which controls. There is no question in this case but that plaintiff failed to request the payment of interest prior to the filing of this complaint and order to show cause. The arbitrator was, therefore, never requested to rule on the issue of interest.
The "New Jersey No Fault Automobile Arbitration Rules," Section 6, provides:
If any party wishes to make any new or different claim, such claim shall be made in writing and filed with the AAA and a copy thereof mailed to the other party. After the arbitrator is appointed, no new or different claim may be submitted except with the consent of the arbitrator.
[New Jersey No-Fault Automobile Arbitration Rules, American Arbitration Association, Rule 29, p. 3 (1992).]
On the other hand, there is no doubt the arbitrator in rendering his decision must consider the no-fault statute and its applicable *204 policy provisions. New Jersey No-Fault Automobile Arbitration Rules, American Arbitration Association, Rule 29, pp. 9-10 (1992).
Clearly, therefore, had plaintiff demanded payment of interest, the arbitrator, pursuant to N.J.S.A. 39:6A-5, was obliged to award interest if plaintiff prevailed on the merits. Brewster v. Keystone Ins., supra, 238 N.J. Super. at 584-86, 570 A.2d 468. In that circumstance, if an arbitrator failed to award interest, a reviewing court would be required to modify the award. Ibid. Since the award of interest is not discretionary, plaintiff's failure to initially make that claim is not fatal. Kowaleski, supra, 238 N.J. Super. at 214-15, 569 A.2d 815. Simply stated, a reviewing court in this circumstance must distinguish between that part of the arbitrator's decision which is solely ministerial in nature and that part requiring the resolution of contested issues of fact or law. Perini, supra, 129 N.J. at 496, 610 A.2d 364. If the plaintiff's appeal dealt with the arbitrator's resolution of factual differences or the interpretation of the law in circumstances where discretion is involved, the reviewing court would have no authority to modify the award. Exxon Shipping Co. v. Exxon Seamen's Union, 788 F. Supp. 829, aff'd 993 F.2d 357 (3rd Cir.1993).
The court acknowledges here its limited role in reviewing an arbitration determination and determines that this is one of the rare cases requiring modification. The arbitrator's decision is modified solely because the award of interest to a successful claimant seeking personal injury protection benefits is not discretionary, and it is, therefore, of no consequence that plaintiff did not specifically make a claim for this statutorily mandatory claim upon filing its claim for arbitration.
This ruling is not in conflict with the Appellate Division decision in the matter of Rivers v. General Accident Group, 192 N.J. Super. 355, 470 A.2d 19 (App.Div. 1983). Judge Antell in Rivers held that, absent a review of the entire record, the court could not determine what proofs, if any, were relevant to the award of interest. The court in Rivers apparently took into consideration R. 1:1-2, which *205 allows relaxation of the rules in the interest of justice. By way of contrast, the award of interest in the context of a successful litigation for P.I.P. benefit is mandatory and no discretion is involved. Plaintiff shall be allowed interest on her claim for dental expenses, but limited to the extent such services that in fact have been performed.
As earlier noted, plaintiff in part demands interest concerning services which have not yet been rendered. Since she has not yet expended the monies for the treatment and/or the dentist has not yet rendered the services, interest in the context of a claim for personal injury protection benefits is inappropriate. In mandating the payment of interest in N.J.S.A. 39:6A:1, the Legislature sought to make persons in plaintiff's circumstance whole. Newcomb Hosp. v. Fountain, 141 N.J. Super. 291, 293-94, 357 A.2d 836 (Law Div. 1976). The mere payment or reimbursement of monies advanced or for which payment is due does not adequately or completely reimburse plaintiff where there has been delay in payment beyond the period allowed in the statute. Brewster, supra, 238 N.J. Super. at 584-85, 570 A.2d 468. Had the dentist performed the procedures, defendant's carrier would be obliged to pay interest, even if he had not yet been paid since plaintiff was obliged to make that payment. Hagains v. Government Employees Ins., 150 N.J. Super. 576, 580-82, 376 A.2d 224 (Law Div. 1977). In the context of P.I.P. benefits, the award of interest must be considered with regard to common understanding. That is, interest in the general sense contemplates payment for the use of money. Consolidated Police and Firemen's Pension Fund v. Passaic, 23 N.J. 645, 653, 130 A.2d 377 (1957). In this case, defendant's obligation to make payment of interest arises solely because of its contractual relationship with plaintiff. Thus, R. 4:42-11(b) which provides interest in tort actions does not apply. Even if the rule did apply, the award of interest as to a contractual claim is discretionary. AGS Computers v. Bear, Stearns & Co., Inc., 244 N.J. Super. 1, 4-5, 581 A.2d 508 (App.Div. 1990). In this case, it is completely inappropriate to award interest when the *206 services have not yet been performed and/or plaintiff has not heretofore expended the monies.
Finally, as to counsel fees, N.J.S.A. 39:6A-5 provides for such an award in circumstances where the defendant insurance carrier has not performed its obligation to make payment of P.I.P. benefits. To the extent plaintiff was required to file the complaint and order to show cause to compel payment of the monies ordered by the arbitrator, attorneys fees must be awarded. Brokenbaugh v. New Jersey Mfrs. Ins. Co., 158 N.J. Super. 424, 435, 386 A.2d 433 (App.Div. 1978); Christian v. Ormsby, 267 N.J. Super. 237, 268-69, 631 A.2d 158 (Law Div. 1992). Given the procedural history, as noted above, regarding the timing of plaintiff's demand for interest on the award, counsel fees are denied for services rendered on the issue of interest.
Plaintiff's counsel will submit an order in conformance with this decision.