146 N.J. Super. 291 (1977)
369 A.2d 949
RELIABLE WATER COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
THE MONROE TOWNSHIP MUNICIPAL UTILITIES AUTHORITY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 14, 1976.
Decided January 12, 1977.
*292 Before Judges HALPERN, BOTTER and KOLOVSKY.
Mr. Warren J. Kaps argued the cause for appellant.
Mr. William C. Moran, Jr. argued the cause for respondent (Messrs. Huff and Moran, attorneys).
PER CURIAM.
Plaintiff appeals from the denial of interest *293 on that portion of an arbitrators' award which had been disputed by defendant.
Defendant had acquired plaintiff's water company pursuant to a written contract providing for the establishment of fair market value by a panel of three arbitrators. The award was made on May 1, 1973. In its determination the arbitrators awarded $100,000 for the value of plaintiff's franchise. Defendant's objection to this portion of the award was upheld by the trial judge on plaintiff's application for confirmation of the award, but we reversed in an unreported opinion. Certification was denied by the Supreme Court. 68 N.J. 146 (1975).
On May 16, 1975 defendant paid the $100,000 plus interest of $1,643.84, calculated at 6% from the date of the Appellate Division's decision in February 1975. Plaintiff then moved to compel the payment of interest from the date of the arbitrator's award. This was denied by the trial judge "in view of the substantial controversy" over the allowance for franchise value in which defendant asserted "a meritorious position," although that position was rejected on appeal.
We conclude that the trial judge erred in denying interest on the award.
The contract provided for payment by defendant after the exercise of its option to acquire plaintiff's water company. The amount payable was to be determined by formula in which the arbitrators played their role. When that amount was determined defendant was obligated to pay a sum certain for the withholding of which interest will be awarded from the date that sum became due. Mahoney v. Minsky, 39 N.J. 208, 212 (1963) (a liquidated obligation normally carries conventional interest); Bachman Chocolate Mfg. Co. v. Lehigh Warehouse and Transp. Co., 1 N.J. 239, 244 (1949) (interest is allowed "where the damages are readily ascertainable" by computation using a fixed standard); Harsen v. West Milford Tp. Bd. of Ed., 132 N.J. Super. 365, 385 (Law Div. 1975) (an arbitration *294 award for a certain sum of money normally carries interest from the time it is due and payable). Interest is payable even if the principal obligation is disputed in good faith. Small v. Schuncke, 42 N.J. 407, 415-416 (1964), holding that a judgment in favor of the debtor which was later reversed did not toll the running of interest on a liquidated claim from the time it was due. See Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474 (1974), where the court said:
At least in the case of a liquidated sum, prejudgment interest has been regarded by our courts as compensatory  to indemnify the plaintiff for the loss of what the monies due him would presumably have earned if payment had not been refused. * * * The basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled. See Small v. Schuncke, 42 N.J. 407, 416 (1964); Busik, supra, 63 N.J. at 359, 360. This consideration has controlled, and interest has been imposed even where, as here, the defendant had in good faith contested the validity of the claim. [65 N.J. at 506]
The contract between the parties gave defendant six months from the arbitrators' determination of fair market value in which to pay the amount of the award. Thus, the full amount became due on November 1, 1973. $100,000 having been withheld from that date until May 16, 1975, when it was paid, interest is allowed at 6% from November 1, 1973 to March 31, 1975 ($8500) and at 8% from April 1, 1975 to May 16, 1975 ($1000). See R. 4:42-11 (a). Defendant is entitled to a credit of $1643.84 for interest paid from the date of the prior decision of the Appellate Division. This leaves a balance of $7856.16 payable to plaintiff.
Reversed.