192 N.J. Super. 355 (1983)
470 A.2d 19
JAMES C. RIVERS AND DIANE L. RIVERS, PLAINTIFFS-APPELLANTS,
v.
GENERAL ACCIDENT GROUP, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1983.
Decided December 12, 1983.
*357 Before Judges ANTELL, JOELSON and McELROY.
Robert Wright argued the cause for appellants (Melli & Doyne, attorneys; Robert Wright on the brief).
David J. Hughes argued the cause for respondent (Richard J. Donohue, attorney; David J. Hughes on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
This appeal is from an order of the Law Division dated June 28, 1982 denying plaintiffs' application for modification of an arbitration award by the addition of pre-award interest.
Plaintiff James C. Rivers is an insured under two automobile policies issued by defendant. As the result of an accident on May 6, 1978 he served a claim notice for payment of uninsured motorists benefits. The policies provided that, failing agreement between the insured and the carrier, the determination of benefits shall be made by arbitration, and after an unproductive period of negotiation plaintiffs demanded arbitration on April 2, 1980. The issues submitted to the panel provided by the American Arbitration Association were the following: "(a) Whether or not the second policy applies in addition to the first policy; (b) The negligence, if any, of the driver; (c) The total value of all Personal Injuries, as a result of the accident which occurred on May 6, 1978...."
Plaintiff concedes that his entitlement to pre-award interest was not included among the issues to be considered. Hearings were concluded on January 22, 1982 and an award in favor of plaintiffs for $75,000 was entered February 19, 1982 based upon total damages of $150,000 for which plaintiff was held 50% accountable.
*358 On April 13, 1982 plaintiff's attorney wrote to the American Arbitration Association requesting that the panel entertain plaintiff's request for pre-award interest. Section 23 of the Rules of the American Arbitration Association provides that hearings may be reopened upon application of a party for good cause shown, "at any time before the Award is made." Accordingly, the tribunal administrator of the American Arbitration Association replied that in order to reinstate the authority of the arbitrator it would be necessary for plaintiff to secure the consent of his adversary. Since the application was opposed, plaintiff's request for reinstatement was denied by letter from the Association dated May 19, 1982. This action was thereupon instituted by complaint and order to show cause for "judgment modifying the Award of the Arbitration Panel to include pre-award interest and costs."
Plaintiff's argument on this appeal is presented in a dual aspect: (1) the award should be modified by the addition of pre-award interest as a discretionary measure by this court; (2) pre-award interest is mandated by R. 4:42-11(b) which directs the inclusion of pre-judgment interest as part of tort judgments entered in the Superior Court.
The grounds upon which a court may modify an arbitration award are narrowly limited. N.J.S.A. 2A:24-9 specifies that a court shall modify or correct an award in the following cases:
a. Where there was an evident miscalculation of figures or an evident mistake in the description of a person, thing or property referred to therein;
b. Where the arbitrators awarded upon a matter not submitted to them unless it affects the merits of the decision upon the matter submitted; and
c. Where the award is imperfect in a matter of form not affecting the merits of the controversy.
The court shall modify and correct the award, to effect the intent thereof and promote justice between the parties.
Review is generally limited to claims of "arbitrator partiality or corruption, fraud, undue means, conduct prejudicial to the rights of a party or failure to make a `mutual, final and definite award,' N.J.S.A. 2A:24-8, or `evident' mistakes by the arbitrators, N.J.S.A. 2A:24-9." Barcon Associates, Inc. v. Tri-County *359 Asphalt Corp., 86 N.J. 179, 188 (1981). Also, Daly v. Komline-Sanderson Engineering Corp., 40 N.J. 175, 178 (1963).
Ordinarily, pre-judgment interest is allowed in the case of a liquidated demand, Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 506 (1974), but not "`where the damages are unliquidated and not capable of ascertainment by mere computation, or where a serious and substantial controversy exists as to the amount due under a contract.' [Citations omitted]" Passaic Val. Sewerage Com. v. City of Paterson, 107 N.J. Super. 436, 441 (Law Div. 1969), aff'd 113 N.J. Super. 148, 150 (App.Div. 1971). Hence, interest on an arbitration award runs from the date the award is entered. Reliable Water Co. v. Monroe Tp. Mun. Util., 146 N.J. Super. 291, 293-94 (App.Div. 1977); Harsen v. Bd. of Ed. of West Milford Tp., 132 N.J. Super. 365, 385 (Law Div. 1975); PRESSLER, Current N.J. COURT RULES, Comment R. 4:42-11.
Here we are asked to modify the award by adding interest from the date the notice of plaintiff's unliquidated claim was first served. This issue was never presented to the arbitration panel and the requested relief would therefore resolve for the first time a question which the parties, by their underlying contract, reserved exclusively for arbitration. As the plaintiffs themselves urge, "the question of pre-award interest was properly cognizable before the Arbitration Panel, which conducted the Hearing and awarded damages of $75,000.00." It is precisely for this reason, and the fact that the issue was never submitted to the panel, that it now lies altogether beyond the scope of judicial review. There is no way for us to determine whether equitable considerations favor a departure from the general rule disallowing interest on claims for unliquidated damages except by a full de novo review of the record before the arbitration panel, and we have been cited to no authority which sanctions such an undertaking on review of an arbitration award.
*360 We turn to plaintiff's argument that the policy considerations of R. 4:42-11(b) require that pre-award interest be allowed. That Rule provides that pre-judgment interest shall be included in the judgment except in exceptional cases where the court may suspend the running of such interest. This argument also is defeated by plaintiff's failure to urge these considerations to the panel which heard the claim and which alone could determine its relevance to arbitration and whether the case is "exceptional" so as to warrant the suspension of interest. Furthermore, the Rule is applicable only to practice and procedure in New Jersey courts. The parties, by their contract, agreed to resolve their differences through the medium of arbitration, a favored form of dispute resolution. Hudik-Ross, Inc. v. 1530 Palisade Ave. Corp., 131 N.J. Super. 159 (App.Div. 1974); Mitchell v. Alfred Hofmann, Inc., 48 N.J. Super. 396, 406 (App.Div. 1958); Collingswood Hosiery Mills v. Amer., etc., Workers, 31 N.J. Super. 466 (App.Div. 1954). According to Section 1 of the Accident Claims Rules of the American Arbitration Association those Rules are made a part of the arbitration agreement between the parties, and no provision is made therein for the allowance of pre-award interest.
We also observe that even if R. 4:42-11(b) applied, it is limited to actions in tort, whereas this claim arises from contract. In Goldblatt v. Transamerica Ins. Co., 188 N.J. Super. 550 (Law Div. 1982), a case nearly identical to this, it was decided that the policy underlying R. 4:42-11(b), as articulated in Busik v. Levine, 63 N.J. 351, 358-60 (1973), was applicable to arbitration awards. Recognizing that plaintiff's claim there sounded in contract, the court reasoned that the Rule mandated pre-award interest nevertheless on the ground that the underlying injury had been tortiously inflicted. Since we have expressed our disagreement with the premise that R. 4:42-11(b) is in any way applicable to arbitration proceedings it is unnecessary for us to say whether, if it were applicable, our views would coincide with those of the Goldblatt court in the foregoing respect, and we *361 refrain from doing so. To the extent however, that that opinion is inconsistent herewith in other respects it is overruled.
Affirm.