295 N.J. Super. 581 (1996)
685 A.2d 959
PROGRESSIVE CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
BRIGHTSTONE WATERPROOFING, INC., AND AMERICO FERROLHO, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 3, 1996.
Decided December 11, 1996.
*582 Before Judges KEEFE and LOFTUS.
LaTorraca & Christian, attorneys for appellants (Alex M. LaTorraca, on the brief).
Schechner & Decker, attorneys for respondent (Brian R. Lehrer, on the brief).
The opinion of the court was delivered by LOFTUS, J.A.D.
*583 Americo Ferrolho, (Ferrolho) appeals from an order entered in favor of Progressive Casualty Insurance Company (Progressive) dismissing the complaint in this insurance coverage case.
On appeal Ferrolho contends that: (1) he is insured under the Progressive policy; (2) the Brightstone vehicle is an uninsured motor vehicle under the policy, N.J.S.A. 17:28-1.1(e) and case law; and (3) he is entitled to coverage because he purchased uninsured motorist (UM) coverage with the expectation that he would be covered.
We have reviewed the case and conclude that Ferrolho's first and second points are meritorious. We reverse.
Brightstone Waterproofing, Inc. (Brightstone) was a corporation which purchased a Progressive policy in 1993 when it purchased a van. Brightstone was the only named insured on the policy. Ferrolho was not a named insured. On June 24, 1993, Ferrolho was operating the Brightstone van in New York City. While driving, he received a page on his pager. He stopped at a pay phone in order to return the page. While he was in the process of waiting for the pay phone, the vehicle was stolen. As the thief was attempting to abscond with the vehicle, Ferrolho ran after the vehicle, which became caught in traffic. He grabbed the left door handle in an attempt to enter the vehicle. As the thief pulled forward, Ferrolho fell down and sustained injuries.
Ferrolho concedes that the policy's liability coverage does not apply to the van because the thief was not using the vehicle with the permission of the named insured. However, Ferrolho contends that he is entitled to coverage under the uninsured motorist endorsement of the Progressive policy which provides that Progressive will "pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured or underinsured motor vehicle."
Ferrolho contends that UM coverage applies in this case. Resolution of this issue requires a determination of who is an "insured" *584 as well as what is an "uninsured motor vehicle" under N.J.S.A. 17:28-1.1e(2)(c).
The Progressive policy defined an "insured" as including "anyone else occupying a covered auto...." The policy defined "occupying" as being "in, upon, getting in, on, out or off" a vehicle. On June 24, as the thief was driving away with the van, Ferrolho grasped the vehicle's door handle, attempted to open the door and "get in". Thus, Ferrolho was "occupying" the vehicle under the policy because he was "getting in" or "on" the van. Ferrolho was an "insured".
N.J.S.A. 17:28-1.1e(2)(c) provides that an "`[u]ninsured motor vehicle' shall not include ... a motor vehicle owned by or furnished for the regular use of the named insured or any resident of the same household...."
The pertinent policy endorsement provides:
However, an `uninsured motor vehicle' or `underinsured motor vehicle' does not include any vehicle:
1. Owned by or furnished or available for the regular use of you or any family member.
[emphasis added].
The policy declaration page defined "you" as the "named insured" on the policy. In this case Brightstone was the named insured, not Ferrolho. Ferrolho was not a family member, and may not be considered a family member of a corporation. Ferrolho does not fit within the exclusionary language of either the policy or N.J.S.A. 17:28-1.1e. Additionally, the application of UM coverage to Ferrolho's situation does not run counter to the legislative policy which inspired the exclusionary language of N.J.S.A. 17:28-1.1e. Thus, the van was an uninsured motor vehicle under N.J.S.A. 17:28-1.1(e)(2)(c) and the policy language.
Thus, we conclude that Ferrolho may recover under the UM endorsement of the Progressive policy held by Brightstone. We reverse the order of the trial judge and remand for proceedings consistent with this opinion.