726 A.2d 1289

HOME STATE INSURANCE COMPANY, THROUGH ITS LIQUIDATOR, ELIZABETH RANDELL, AND HER SUCCESSORS AS COMMISSIONER OF BANKING AND INSURANCE OF THE STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. CONTINENTAL INSURANCE COMPANY, DEFENDANT–RESPONDENT, AND JAIME SKIERSKI, AN INFANT BY HER GUARDIAN AD LITEM, BEVERLY SKIERSKI, AND BEVERLY SKIERSKI, INDIVIDUALLY, IRVING RAPHAEL, INC., LEILA STEINNAGEL, JOHN DOE AND JANE DOE, NAMES BEING FICTITIOUS, REAL NAMES UNKNOWN, DEFENDANTS.

Argued March 16, 1999—Decided April 20, 1999.

*David A. Mazie,* argued the cause for appellant (*Nagel Rice & Dreifuss,* attorneys; *Mr. Mazie* and *Robert G. Lavitt,* on the briefs).

*Jamie D. Happas,* argued the cause for respondent (*Hoagland, Longo, Moran, Dunst & Doukas,* attorneys).

PER CURIAM.

The judgment is affirmed, substantially for the reasons expressed in Judge Baime's opinion of the Appellate Division, reported at 313 *N.J.Super.* 584, 713 *A.2d* 557 (1998).

STEIN, J. and COLEMAN, J., concurring.

This appeal is before the Court as of right, *R.* 2:2–1(a), based on Judge Wefing's dissent below in which she concluded that Continental Insurance Company's (Continental) comprehensive general liability (CGL) policy rather than Home State Insurance Company's (Home State) automobile policy should provide coverage for plaintiff's injury claim. *Home State Ins. Co. v. Continental Ins. Co.,* 313 *N.J.Super.* 584, 596–600, 713 *A.2d* 557 (App.Div.1998) (Wefing, J., dissenting). In our view, that dissent fairly presents to this Court for resolution the issue whether either or both

policies provide coverage. Essentially for the reasons expressed in Judge Brochin's concurring opinion, *id.* at 595–96, 713 *A.*2d 557, we are of the view that a sufficient nexus between plaintiff's injuries and the use of the school bus exists to sustain coverage under the automobile policy. We also believe that the supervisory responsibilities of the bus driver, as distinguished from his obligation to drive safely, are sufficiently implicated by the claim to warrant the conclusion that the CGL policy's exclusionary clause should not bar coverage under that policy. Accordingly, we would affirm and modify the judgment of the Appellate Division and remand to the Law Division to apportion coverage in accordance with the "other insurance" clauses of the policies.

STEIN and COLEMAN, JJ., concurring in the result.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN, and COLEMAN—7.

*Opposed*—None.