775 A.2d 620 (2001)
341 N.J. Super. 520
Eugene A. MARTELLIO, Jr., Plaintiff-Respondent,
v.
Charles R. BURBANK and Jennifer A. Fedga, Defendants,
State Farm Insurance Company, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 2001.
Decided June 28, 2001.
*621 William M. Davis, Atlantic City, argued the cause for appellant (Marc L. Hurvitz, attorney; Gina M. Merritt-Epps, Egg Hbr. Twp., on the brief).
Henry P. Zerella, Vineland, argued the cause for respondent (Henry P. Zerella, attorney; Mr. Zerella, on the brief).
Before Judges KEEFE, STEINBERG and WEISSBARD.[1]
The opinion of the court was delivered by KEEFE, P.J.A.D.
Defendant State Farm Insurance Company ("State Farm") appeals from a final judgment confirming an uninsured motorist ("UM") arbitration award. The only issue on appeal is whether the trial court erred in confirming the arbitrators' decision to award prejudgment interest in the amount of $11,015.65.
Plaintiff Eugene Martellio Jr. is insured by State Farm. He was involved in a three car accident and brought suit against the two other drivers involved, Jennifer Fedga and Charles Burbank. Fedga was insured by Home State Insurance Company ("Home State"). On November 14, 1997, plaintiff was informed by a Home State adjuster that Home State was insolvent.
On January 5, 1998, plaintiff demanded UM arbitration from defendant and named his arbitrator. State Farm failed to respond to that demand. A second letter was sent on February 17. State Farm responded to that letter on May 11, and ultimately acknowledged plaintiff's demand for arbitration on May 28. State Farm did not select its arbitrator until July 1998. A third neutral arbitrator was chosen thereafter. For reasons not fully explained in the record, the arbitration did not take place until February 24, 2000.
Arbitrator Theodore Baker issued the written award on behalf of the arbitrators. The arbitrators found Fedga totally at fault for the accident and awarded damages for plaintiff's personal injury, property damage, and economic loss in the gross sum of $70,500. In addition, Arbitrator Baker reported: "The arbitrators also calculated 25 months of pre-judgment interest at 7½ that should be awarded which we calculate to be $11,015.65.... This figure is calculated from the date when the request for arbitration was made upon State Farm." Nothing further was mentioned in the award concerning prejudgment interest.
*622 State Farm moved to modify the award, and plaintiff cross-moved to confirm it. In the motion brief submitted by State Farm, its attorney represented to the court that plaintiff had not made a demand for prejudgment interest. The attorney further stated that, although the written decision did not state the basis for the award of prejudgment interest,
the plaintiff's arbitrator indicated that the decision to award interest was based on equitable reasons. Specifically, the decision was based on the delays caused by Home State due to its insolvency and the inability to locate Fedga. The arbitrators found that Home State's insolvency and the resulting delay between the filing of the arbitration demand and the hearing was not attributable to the plaintiff and that plaintiff should not be punished for the same.
State Farm's brief asserted two grounds for relief. First, it claimed that the arbitrators exceeded their powers in awarding prejudgment interest because the issue "was never submitted to the arbitrators by plaintiff's attorney either by way of the Arbitration Statement, or at the hearing." Counsel argued that because the plaintiff never requested prejudgment interest, the issue was "not researched or presented to the arbitrators by any party. Defense counsel was not prepared to refute the award." State Farm sought modification of the award on that basis pursuant to N.J.S.A. 2A:24-8.
Secondly, State Farm argued that a UM endorsement contained in a New Jersey automobile policy implies that the agreement will be interpreted under New Jersey law. State Farm contended that, under New Jersey law, prejudgment interest can be awarded in UM cases only on equitable principles, not as a matter of right. Relying on this court's opinion in Derfuss v. New Jersey Mfrs. Ins. Co., State Farm argued that prejudgment interest may be awarded against a UM carrier only if the insured can show that the insurer failed to negotiate in good faith or delayed or obstructed the arbitration proceedings. 285 N.J.Super. 125, 666 A.2d 599 (App.Div. 1995). Counsel contended that plaintiff did not attempt to show any of those factors. Further, counsel claimed that the reasons articulated by the arbitrators at the hearing for awarding interest were attributable to the fault of Home State, not State Farm, and, accordingly, violated New Jersey law on the subject. Finally, State Farm argued that it was clear on the face of the award that the arbitrators applied R. 4:42-11(b) to the award, rather than equitable principles, a violation of Derfuss, supra, 285 N.J.Super. at 135, 666 A.2d 599.
In response to State Farm's motion to modify the award, and in support of plaintiff's motion to confirm the award, plaintiff's counsel pointed out that State Farm's attorney conceded that the arbitrators acknowledged prejudgment interest could only be assessed on equitable principles. Plaintiff's counsel denied, however, that the arbitrators considered Home State's insolvency as a basis for the award of interest. In support of that argument, counsel pointed to the actual award which included interest only for the time period between the demand for arbitration and the date of the award. Counsel did not deny that a request for prejudgment interest was not contained in his Arbitration Statement. Indeed, at oral argument before us, plaintiff's counsel admitted that the issue was raised for the first time at the hearing by plaintiff's arbitrator.
The Law Division judge confirmed the award in its entirety. This appeal followed. On appeal, State Farm asserts essentially the same arguments advanced in the trial court. Although there has *623 been no definitive appellate court opinion on the matter, both parties agree that the principles governing review of arbitration awards established in Tretina Printing, Inc. v. Fitzpatrick & Assoc., apply to UM claims. 135 N.J. 349, 640 A.2d 788 (1994). In Habick v. Liberty Mut. Fire Ins. Co., this court held that Tretina applied to PIP arbitration. 320 N.J.Super. 244, 249-50, 727 A.2d 51 (App.Div.) certif. denied, 161 N.J. 149, 735 A.2d 574 (1999). We see no reason why the analysis employed in Habick would not apply to UM arbitration as well. Therefore, we shall apply the Tretina principles to this case in accord with the parties' tacit stipulation.
An arbitration award may be modified if the arbitrators decide an issue not submitted to them by the parties. Tretina, supra, 135 N.J. at 358, 640 A.2d 788. That is so because the arbitrators' powers spring from the parties' agreement, here the insurance contract. In re Grover, 80 N.J. 221, 228-229, 403 A.2d 448 (1979). The parties may, of course, expand the jurisdiction of the arbitrators beyond the four corners of their agreement so long as there is consent, either implicitly or explicitly. Id. at 229, 403 A.2d 448; Office of Employee Relations v. Communications Workers of America, 154 N.J. 98, 109, 711 A.2d 300 (1998).
State Farm's appeal requires that we focus on what the parties to a UM endorsement agree to arbitrate in case of a dispute as to the insured's entitlement under the policy. We have not been provided with a copy of the UM endorsement contained in the State Farm policy. We assume, however, that the terms of the endorsement are in conformance with those approved by the Commissioner of Insurance. Typically, the UM endorsement provides: "[T]he insurer [will] pay all sums which the insured ... shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury or property damage, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle...." Ciecka v. Transamerica Ins. Group, 81 N.J. 421, 423-24, 409 A.2d 272 (1979)(emphasis added); see also Progressive Cas. Ins. Co. v. Brightstone Waterproofing, Inc., 295 N.J.Super. 581, 685 A.2d 959 (App.Div.1996), appeal dismissed, 152 N.J. 7, 702 A.2d 346 (1997) (providing that the insurer would "pay all sums the insured is legally entitled to recover as damages from the owner or driver of an uninsured or underinsured motor vehicle"). Obviously, if it can be said that prejudgment interest represents a part of an insured's UM "damages," State Farm is on notice that the issue is subject to arbitration. In such case, the parties need not have agreed either implicitly or explicitly to expand the jurisdiction of the arbitrators to address the issue.
Rivers v. General Acc. Group, was the first appellate case in this State to address the issue of prejudgment interest in UM arbitration. 192 N.J.Super. 355, 470 A.2d 19 (App.Div. 1983). We observed in that case that a UM arbitration is essentially a contract claim for an unliquidated sum, and the "general rule" is that prejudgment interest is not allowed on unliquidated claims. Rivers held, however, that there may be exceptions to the rule where "equitable considerations favor a departure from the general rule." 192 N.J.Super. at 359, 470 A.2d 19. Rivers also held that the issue is arbitrable under a UM endorsement and must be decided by the arbitrators in the first instance. Ibid. If it is not decided by the arbitrators, a court is powerless to award it thereafter. Ibid. Since Rivers was decided, there has been a succession of cases acknowledging that prejudgment interest may be awarded in UM *624 cases premised on equitable principles. See Derfuss, supra, 285 N.J.Super. at 135, 666 A.2d 599; Childs v. New Jersey Mfrs. Ins. Co., 199 N.J.Super. 441, 452, 489 A.2d 1203 (App.Div.1985), rev'd on other grounds, 108 N.J. 506, 531 A.2d 723 (1987). Thus, Rivers, supra, implicitly held that prejudgment interest was a component of the insured's damage award if equitable considerations warranted it. 192 N.J.Super. at 359, 470 A.2d 19. It should have been no surprise to State Farm, therefore, that prejudgment was an issue subject to arbitration and awardable depending on the facts of a given case. Accordingly, we decline to hold that the arbitrators exceeded their power in deciding the issue.
For the foregoing reasons, an insured need not specifically identify prejudgment interest as an issue to be decided by the arbitrators, although it is better practice to do so. Further, since insurers are on notice that an insured may request prejudgment interest, we see no harm in this case that the discussion was initiated by one of the arbitrators rather than plaintiff. State Farm's counsel never claimed in her factual representations to the trial court that she was deprived of the opportunity to argue why an award of prejudgment interest was not equitable. She simply contended that it had not been specifically requested by plaintiff in his arbitration statement, and complained that one of the arbitrators articulated reasons for awarding it that had nothing to do with State Farm's conduct. However, both parties to this appeal agree that the arbitrators recognized that it was their function to consider equitable principles in making their decision on the issue. There is nothing on the face of the award to indicate that they did not do so. Our standard of review prevents us from going behind the face of the award to flesh out the arbitrators' actual reasons. Tretina, supra, 135 N.J. at 364, 640 A.2d 788.
Further, State Farm misconstrues Derfuss. We did not hold in Derfuss that prejudgment interest could not be awarded absent a showing that the insurer had acted in bad faith or had obstructed the arbitration. Rather, we upheld as equitable the assessment of prejudgment interest calculated from the time the insured made a demand for underinsured motorist arbitration by amending her PIP complaint in the Superior Court. Derfuss, supra, 285 N.J.Super. at 136, 666 A.2d 599. The insured in that case had sought prejudgment interest from an earlier point in time, and contended that the trial judge had erred in not awarding it to her. Id. at 135, 666 A.2d 599. We disagreed with the insured and upheld the trial court's decision not to award interest before the date on which arbitration was demanded. Id. at 135-36, 666 A.2d 599. Our refusal to permit prejudgment interest to be calculated from a date earlier than the date of the demand was based on the insured's failure to prove that the insurer had "failed to negotiate in good faith to settle the matter during the pre-arbitration period." Id. at 135, 666 A.2d 599. Thus, the holding in Derfuss is that an award of prejudgment interest calculated from the date on which the demand for arbitration is made will be upheld as equitable. That is all the arbitrators did here. Thus, there is no showing on the face of the award that the arbitrators failed to follow the law or otherwise exceeded their powers.
Affirmed.
NOTES
[1] With the permission of the parties, Judge Weissbard joined in this opinion, although he did not participate in oral argument.