928 A.2d 96 (2007)
395 N.J. Super. 59
BOGEY'S TRUCKING & PAVING, INC. and David Whitfield, Plaintiffs-Respondents,
v.
INDIAN HARBOR INSURANCE COMPANY, Defendant-Respondent, and
ARI Insurance Companies, Defendant-Appellant, and
Charles A. Stecker, Jr., Intervenor-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 2007.
Decided July 19, 2007.
*97 Mauro C. Casci, Leonardo, argued the cause for appellant (Law Offices of Mauro C. Casci, attorneys; Russell Macnow, on the brief).
Michael P. Albano, Runnemede, argued the cause for respondents Bogey's Trucking & Paving, Inc. and David Whitfield (Ragonese, Albano & Viola, attorneys; Mr. Albano, on the brief).
Jeffrey N. German, Marlton, argued the cause for respondent Indian Harbor Insurance Company.
Susan L. Moreinis, Collingswood, argued the cause for intervenor-respondent Charles A. Stecker, Jr.
Before Judges SKILLMAN, HOLSTON, JR. and GRALL.
The opinion of the court was delivered by
*98 GRALL, J.A.D.
Defendant ARI Insurance Companies (ARI) appeals from orders entered on motions for summary judgment in this action for declaratory judgment on insurance coverage. The plaintiffs are Bogey's Trucking and Paving, Inc. (Bogey's) and its employee, David Whitfield. ARI insures Bogey's under a business automobile policy. Defendant Indian Harbor Insurance Company (Indian Harbor) insures Bogey's under a comprehensive general liability (CGL) policy. Intervenor Charles Stecker is an uninsured motorist.
Frank Gaidosh was struck by an automobile and filed a complaint alleging that his injuries were caused by the negligence of Bogey's, Whitfield and Stecker. Bogey's and Whitfield commenced this action after both ARI and Indian Harbor denied a duty to defend or indemnify. The trial court determined that ARI, not Indian Harbor, must defend and indemnify Bogey's, and ARI must provide uninsured motorist coverage to Gaidosh.[1]
There are two coverage disputes at issue on this appeal: 1) whether the responsibility to defend and indemnify Bogey's and Whitfield is shared by ARI and Indian Harbor; 2) whether ARI must provide uninsured motorist coverage. Because the trial court's interpretation of the policy provisions at issue is correct, we affirm.
The accident occurred at approximately 5:00 p.m. on January 9, 2002. Gaidosh was employed on a construction site, and Bogey's had assigned Whitfield to deliver stone to that site. Whitfield delivered the stone in a dump truck insured under the business automobile policy ARI issued. Gaidosh rode in the dump truck in order to show Whitfield where to leave the stone. They traveled to the spot, which was off the southbound side of a public roadway. It was getting dark, and the truck's headlights and emergency flashers were on. Offering to direct Whitfield while he turned the truck to dump the stone, Gaidosh left the vehicle. Although the truck was equipped with a flashlight and a reflective vest, Whitfield did not offer the gear to Gaidosh, who was dressed in dark-colored clothing.
Whitfield started a "K-turn." Traffic in the southbound lane stopped. Whitfield saw a car that was not "moving that fast" approaching in the northbound lane. He continued his turn and heard a "crash" when a car, which was driven by Stecker, struck Gaidosh.[2] According to Whitfield, Gaidosh left the truck about five seconds before the accident.
The business automobile policy issued to Bogey's by ARI under which the dump truck was insured provides the following coverage:
We will pay all sums an "insured" legally must pay as damages because of *99 "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

Our courts read the policy language emphasized above to afford the coverage required by N.J.S.A. 39:6B-1a, which is coverage for property damage and injury "arising out of the ownership, maintenance, operation or use of" the covered vehicle. Ibid. (emphasis added); see Home State Ins. Co. v. Cont'l Ins. Co., 313 N.J.Super. 584, 587, 713 A.2d 557 (App. Div.1998), aff'd o.b., 158 N.J. 104, 726 A.2d 1289 (1999).
The Indian Harbor policy expressly excludes coverage for claims for bodily injury or property damage "arising out of the ownership, maintenance, use or entrustment to others of any . . . `auto' . . . owned or operated by or rented or loaned to any insured. Use includes operation and `loading or unloading'."
ARI's policy provides uninsured motorist coverage for the benefit of anyone "occupying" a covered "auto." "Occupying" is defined by the policy as "in, upon, getting in, on, out or off."

I
Because ARI no longer disputes its obligation to defend and indemnify Bogey's and Whitfield, we consider ARI's claim that Indian Harbor's CGL policy provides overlapping coverage.[3] ARI argues that Indian Harbor's exclusion of coverage for claims related to vehicles must be construed narrowly in favor of the insured to provide coverage for injuries Gaidosh sustained as a consequence of Whitfield's negligent failure to provide him with reflective gear.
"While we look for the probable intent of the parties and their reasonable expectations in construing insurance policies and construe exclusionary clauses in strict fashion, when the language of an insurance policy is clear, we must enforce its terms as written." Conduit and Found. Corp. v. Hartford Cas. Ins. Co., 329 N.J.Super. 91, 99, 746 A.2d 1053 (App. Div.), certif. denied, 165 N.J. 135, 754 A.2d 1212 (2000). As noted above, Indian Harbor's policy excludes coverage for claims based on bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any . . . `auto' . . . owned or operated by . . . any insured."
Exclusionary language substantially identical to that at issue here has been applied in numerous cases involving claims under CGL and homeowners policies, which commonly exclude coverage for claims related to motor vehicles. See, e.g., id. at 100-09, 746 A.2d 1053 (applying an exclusionary provision of a CGL policy and discussing cases involving similar clauses in CGL and homeowners policies). In addition, because the language tracks N.J.S.A. 39:6B-1a, which defines coverage that must be included in every motor vehicle insurance policy, it also has been discussed and applied in decisions addressing claims for coverage under policies of motor vehicle insurance. In Conduit, we observed that there is no basis to give the language different meaning depending *100 upon whether it is employed to describe covered or excluded claims. 329 N.J.Super. at 101, 746 A.2d 1053; see Westchester Fire Ins. Co. v. Cont'l Ins. Cos., 126 N.J.Super. 29, 41-42, 312 A.2d 664 (App. Div.1973) (describing the clauses appearing in provisions defining covered and excluded claims as "mutually exclusive"), aff'd o.b., 65 N.J. 152, 319 A.2d 732 (1974). Thus, the boundary between claims that do and do not "aris[e] out of the ownership, maintenance, use or entrustment to others of" a motor vehicle, while fact specific, is fairly well-defined by decisions of our courts.
"[T]he phrase `arising out of' must be interpreted in a broad and comprehensive sense to mean `originating from' or `growing out of' the use of the automobile." Westchester, supra, 126 N.J.Super. at 38, 312 A.2d 664; see also Conduit, supra, 329 N.J.Super. at 101, 746 A.2d 1053 (quoting Westchester); Home State, supra, 313 N.J.Super. at 589, 713 A.2d 557 (same). Where there is "a substantial nexus between the injury and the use of the vehicle" (i.e., the injury is a "natural and reasonable incident or consequence" of use), then the claim is one "arising out of" the use of the vehicle. Westchester, supra, 126 N.J.Super. at 38, 312 A.2d 664.
This court's decision in Scarfi v. Aetna Casualty & Surety Company, 233 N.J.Super. 509, 511-12, 559 A.2d 459 (App.Div. 1989) is most instructive in resolving this case. In Scarfi, a contractor sought coverage under a CGL policy after an employee driving its dump truck hit another vehicle. Ibid. The injured party's allegations included a claim that the employer negligently hired and trained the dump truck driver. Id. at 517, 559 A.2d 459. In Scarfi, as in this case, the duty to indemnify and the broader duty to defend were both at issue. See id. at 514-15, 559 A.2d 459. Because "[t]he policy clearly was designed to exclude coverage for personal injuries and property damage arising out of automobile accidents," we concluded that the CGL insurer owed neither duty. Ibid. We held that "[t]he acts of hiring and training [the dump truck driver] were incidental to the ownership, operation or use of the truck and, accordingly, were not covered by [the] CGL policy." Id. at 515, 559 A.2d 459.
This case is similar to Scarfi. While the allegation here is negligence related to the failure to provide reflective gear to Gaidosh, that negligence, like negligent hiring and training of the driver in Scarfi, is entirely incidental to and inseparable from the use of the dump truck insured by ARI. The "substantial nexus" between the backing up of the dump truck to deposit stone and the injury to a passenger in the truck who got out of that truck and onto the road in order to assist the driver's turn is too obvious to require or permit further elaboration. See Conduit, supra, 329 N.J.Super. at 106, 109, 746 A.2d 1053 (noting that an allegation of a contractor's negligence in controlling traffic at the construction site was so intertwined with the negligent use of a vehicle as to preclude dispute in a case involving the duty to indemnify). Accordingly, we conclude that the trial court correctly determined that Indian Harbor owed no duty of defense or indemnification under its policy.
We recognize that in Home State this court raised, but did not decide, the question whether the insured's business automobile and CGL policies could provide overlapping coverage. 313 N.J.Super. at 587, 713 A.2d 557. ARI erroneously asserts that the Supreme Court held that the policies at issue in that case afforded overlapping coverage. See Home State, supra, 158 N.J. at 104-05, 726 A.2d 1289 (Stein, J. and Coleman, J., concurring). But the *101 majority of the Court affirmed the Appellate Division, which did not address the issue because the parties had not raised it. Id. at 104, 726 A.2d 1289; 313 N.J.Super. at 587, 713 A.2d 557. In this case the exclusionary clause in the Indian Harbor policy so clearly precludes any claim for coverage that we need not consider whether there may be overlapping coverage under different circumstances. Compare Conduit, supra, 329 N.J.Super. at 95 n. 4, 746 A.2d 1053 (discussing a provision of the CGL policy stating that the insurance is primary except if the loss covered "arises out of the . . . use of . . . `autos'") with Home State, supra, 313 N.J.Super. at 587, 594, 713 A.2d 557 (discussing a bus driver's obligation to supervise students in transit); see Eric Mills Holmes, 21 Holmes' Appleman on Insurance 2d § 132.1 at 4 n. 1 (2002) (noting that CGL policies normally cover business liability not covered by the insurer of the business's motor vehicles).

II
The trial court was also correct in concluding that ARI was required to provide uninsured motorist coverage for Gaidosh. There is no dispute that the insurer of the car Stecker drove later became insolvent and that Stecker is deemed "uninsured" for purposes of the provision of the ARI policy at issue. The question is whether Gaidosh is entitled to coverage. ARI's policy provides uninsured motorist coverage to anyone "occupying" a covered "auto." "Occupying" is defined as "in, upon, getting in, on, out or off." ARI's denial of coverage is based on its assertion that Gaidosh was not "occupying" the dump truck at the time of the accident.
In the context of uninsured motorist coverage, the question whether the injured party is "occupying" the vehicle depends upon the facts and circumstances of the case. Mondelli v. State Farm Mut. Auto. Ins. Co., 102 N.J. 167, 172, 506 A.2d 728 (1986). The question is whether there is "a substantial nexus between the insured vehicle and the injury sustained." Torres v. Travelers Indem. Co., 171 N.J. 147, 149-50, 793 A.2d 592 (2002).
This court's decision in De Almeida v. General Accident Insurance Company of America, 314 N.J.Super. 312, 714 A.2d 967 (App.Div.), certif. denied, 157 N.J. 541, 724 A.2d 801 (1998), provides guidance. In that case, the estate of a deceased worker sought underinsured motorist coverage under a policy issued to the decedent's employer. Id. at 313, 714 A.2d 967 (cited with approval in Torres, supra, 171 N.J. at 149-50, 793 A.2d 592). That insurance policy, like the one at issue here, provided the relevant coverage to "[a]nyone . . . `occupying' a covered `auto'" and defined occupancy as "in, upon, getting in, on, out or off" the covered vehicle. Id. at 315, 793 A.2d 592. We held that a worker, who was struck by a passing vehicle when he left the truck to retrieve and load cones that had marked his work area, was "occupying" the vehicle within the meaning of the policy. Id. at 316-17, 793 A.2d 592; see also Progressive Cas. Ins. Co. v. Brightstone Waterproofing, Inc., 295 N.J.Super. 581, 583-84, 685 A.2d 959 (App.Div.1996) (allowing coverage based on occupancy where the person was injured while grabbing the handle of the car door in an effort to halt a car theft in progress), appeal dismissed, 152 N.J. 7, 702 A.2d 346 (1997); Macchi v. Connecticut Gen. Ins. Co., 354 N.J.Super. 64, 66, 804 A.2d 596 (App.Div.) (concluding that plaintiff, who left her car to provide aid to another was "occupying" her vehicle at the time of the accident), certif. denied, 175 N.J. 79, 812 A.2d 1111 (2002).
We see no basis in prior decisions for denying uninsured motorist coverage in *102 this case. Gaidosh was a passenger in the dump truck because he was directing its driver to his destination. He left the passenger seat and entered the roadway in order to assist the driver in making a turn. He was out of the truck for a matter of seconds when he was struck and injured. Under these facts, the trial court properly concluded that Gaidosh was occupying the vehicle and entitled to uninsured motorist coverage under the ARI policy.
Affirmed.
NOTES
[1] The personal injury and coverage actions were consolidated. Following the summary judgment motions on coverage at issue here, Bogey's claims against ARI for damages sustained as a result of ARI's denial of its duty to defend were resolved by settlement. By order dated January 6, 2006, the trial court severed the personal injury and coverage actions and certified as final the litigation between Bogey's and Indian Harbor. Despite ambiguous language suggesting finality that appears in a summary judgment order of June 9, 2005, no order entered in the coverage case was final for purposes of appeal until the consolidated cases were severed. See R. 2:2-3(a)(1). For that reason, we reject Indian Harbor's claim that ARI's notice of appeal, filed on January 30, 2006, was untimely.
[2] As a result of the accident, Gaidosh suffered a shoulder and leg fracture and cardiac contusions. ARI represents that Gaidosh died of unrelated causes, apparently after filing the negligence action with which this case was previously consolidated.
[3] Although Bogey's and Whitfield presented the claims to both insurers, they do not appeal from the orders below. In responding to ARI's appeal, however, plaintiffs include a point in which they argue: "Alternatively, Bogey purchased general liability insurance from Respondent, Indian Harbor Insurance Company and is therefore entitled to coverage pursuant to that policy." This is not an alternative argument for affirmance that can be raised without cross-appeal. See Chimes v. Oritani Motor Hotel, Inc., 195 N.J.Super. 435, 443, 480 A.2d 218 (App.Div.1984).