**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4184-19

C.G., a minor, by his mother
Y.E.-M. a/k/a Y.G., and J.G.,
a minor, by his mother Y.E.-M.
a/k/a Y.G.,

  Plaintiffs,

and

B.G., individually,

  Plaintiff-Respondent,

v.

MARGARET L. CHEHELI,
HADDI CHEHELI,
CHRISTOPHER PEERSEN,
ELRAC, LLC, ALLSTATE NEW
JERSEY PROPERTY AND
CASUALTY INSURANCE
COMPANY,

  Defendants,

and

NEW JERSEY
MANUFACTURERS INSURANCE

COMPANY,

      Defendant-Appellant.

_____

Argued November 30, 2021 – Decided December 14, 2021

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1779-18.

John V. Mallon argued the cause for appellant (Chasan, Lamparello Mallon & Cappuzzo, PC, attorneys; John A. Camassa, of counsel and on the briefs).

Daniel N. Epstein argued the cause for respondent (Epstein Ostrove, LLC, attorneys; Jasmine Brown Seabrooks, on the brief).

PER CURIAM

Defendant New Jersey Manufacturers Insurance Company (NJM) appeals from an August 30, 2019 order denying its motion for summary judgment. In addition, NJM appeals from two December 6, 2019 orders: (1) denying its motion for reconsideration and (2) granting a cross-motion for summary judgment filed by plaintiff B.G.[1] In granting the cross-motion, the motion judge

---

[1] The matter became ripe for appeal as a result of a July 8, 2020 consent judgment. Under the consent judgment, B.G. settled his claim against NJM for a specified dollar amount and "the parties agreed to litigate the legal question of insurance coverage under the NJM policy (occupancy) . . . ."

found B.G. was "occupying" his vehicle when he suffered his injury and therefore entitled to underinsurance motorist (UIM) coverage.  We reverse.

We summarize the facts.  On May 2, 2016, B.G. drove his two children to school and parked his car adjacent to the curb and across the street from the school building.  B.G. got out of his car and helped his children exit the car.  B.G. believed he left the engine in his car running.  B.G. then walked his children to a crosswalk staffed by a crossing guard.  The crosswalk was about one block from where B.G. parked his car.  While standing on the sidewalk and watching his children cross the street in the designated crosswalk, B.G. saw the driver of a car strike his children.  B.G. suffered emotional distress after witnessing his children get hit by the car.

At the time of the accident, B.G.'s car was insured under a commercial automobile policy issued by NJM for B.G.'s business vehicle.  Under NJM's policy, UIM benefits are available to "anyone occupying a covered auto."  The term "occupying" under NJM's policy is defined as "in, upon, getting in, on, out or off."

A-4184-19

B.G. filed suit against various defendants, alleging he suffered emotional distress based on his witnessing the children being struck by a car.[2]  B.G. sought UIM benefits from NJM under his business automobile policy.[3]

NJM filed a motion for summary judgment asserting the children and B.G. were not entitled to UIM benefits because they were not occupying the vehicle at the time of the accident.  The court granted the motion as to the children,[4] but denied the motion as to B.G. without prejudice, pending further discovery.

Upon completion of discovery, NJM refiled a motion for summary judgment as to B.G.'s claim.  NJM argued B.G. was not occupying the car at the time of his injury.  In a written statement of reasons, the judge found B.G. "had every intention of returning to his running car after briefly walking his children to the cross-walk."  The judge explained "the evidence, and/or the reasonable inferences arising therefrom, reflect[] that [B.G.] had a substantial nexus to his

---

[2]  B.G.'s claim for negligent infliction of emotional distress is based on Portee v. Jaffee, 84 N.J. 88 (1980).  The children asserted their own personal injury claims.

[3]  The driver of the car that injured B.G.'s children had only $15,000 in automobile insurance coverage.  Thus, B.G. filed a UIM claim against his own automobile insurance carrier.

[4]  The order denying UIM coverage for the children is not the subject of this appeal.

4

running vehicle, which was insured by NJM." Based on finding B.G. satisfied the substantial nexus test, the judge determined B.G. was entitled to UIM benefits under NJM's policy. The judge entered an August 30, 2019 order denying NJM's motion for summary judgment.

NJM moved for reconsideration and B.G. filed a cross-motion for summary judgment. A different judge heard the motion for reconsideration and the cross-motion for summary judgment. After hearing the arguments of counsel, the subsequent motion judge denied NJM's motion for reconsideration and granted B.G.'s cross-motion for summary judgment. In denying reconsideration, the judge declined to review anew a summary judgment determination rendered by a co-equal trial judge. After reviewing the earlier motion transcript and written submissions, the reconsideration judge explained he found nothing overlooked or clearly erroneous in the original motion judge's determination.

On appeal, NJM argues B.G.'s use of the car was coincidental to his arrival at the location where the injury occurred. Additionally, NJM claims the original motion judge erred in holding B.G.'s use and occupancy of the vehicle continued despite his arrival at the children's school, which was his intended destination. It also contends there was no substantial nexus between the insured vehicle and

5

B.G.'s injury. NJM further asserts B.G. was not engaged with his car at the time of his injury and therefore he failed to satisfy the substantial nexus test for entitlement to UIM coverage. We agree.

We review a trial judge's decision on a motion for summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The parties agree there are no genuine issues of material fact precluding our review of B.G.'s entitlement to UIM coverage under NJM's policy.[5]

For B.G. to be entitled to UIM coverage, he had to be "occupying" the car at the time of the accident as that term is defined under NJM's policy. The determination "whether a person is 'occupying' a motor vehicle for purposes of uninsured or underinsured motorist coverage 'must be determined on a case-by-case basis, depending on the facts of the accident and the use of [the] vehicle.'"

_____

[5] For purposes of the summary judgment motion, NJM accepted B.G.'s contention his car's engine remained running while he walked the children to the crosswalk.

Thompson v. James, 400 N.J. Super. 286, 292 (App. Div. 2008) (quoting Torres v. Travelers Indem. Co., 171 N.J. 147, 149 (2002)).

In Thompson, the plaintiff driver drove his employer's car to a gas station to refuel, left the car at the station, and walked several hundred feet away from the car to a grassy median to search for lost jewelry. Id. at 289. While away from the car, he was struck by an uninsured motorist. Id. at 289-90. Based on those specific facts, we found "there was nothing about plaintiff having 'occupied' the covered vehicle that was directly, much less substantially, related to the incident in which he was injured." Id. at 295-96.

In Severino v. Malachi, 409 N.J. Super. 82, 86 (App. Div. 2009), a case similar to the matter on appeal, three men travelled from New York City to Jersey City in a car owned by Severino's financé, Muniz. The driver, Severino, parked the car in a parking space near his apartment. Ibid. Severino and a second man got out of the car. Id. at 86-87. A third person, who remained in the car, leaned "over to the floor to pick up his sandwich and, a few seconds later, heard a 'boom.'" Id. at 87. According to the man who remained inside the car, another driver struck the two men while they were crossing the street several feet from where the car was parked. Ibid.

In Severino, we held the plaintiffs "failed to establish the requisite 'substantial nexus' between the accident and the Muniz vehicle." Id. at 92. We concluded Severino completed the journey from New York City to Jersey City when he parked the car in the parking lot and exited the car with the second man. Ibid. Under the specific facts in that case, Severino intended to return to the car to drive his passengers to their respective homes. Id. at 86. Despite that, we held Severino's use and occupancy of the car ended at the time he sustained his fatal injuries. Id. at 93.

B.G. asserts Macchi v. Connecticut General Insurance Co., 354 N.J. Super. 64 (App. Div. 2002), supports his substantial nexus claim and establishes his occupancy of the insured vehicle for entitlement to UIM coverage. Applying the required fact sensitive, case-by-case analysis, we note several factual differences between Macchi and this matter, rendering Macchi distinguishable. In Macchi, the injured plaintiff driver stopped her car to assist the driver of a car that had overturned. Id. at 66. The plaintiff was struck by an uninsured motorist. Ibid. When the plaintiff driver in Macchi stopped her car to render aid to the injured driver, she had not reached her intended destination. Id. at 70. Under those facts, we found a nexus between the plaintiff driver, acting as a good Samaritan, and the injury she sustained based on her

unanticipated exiting of her car to aid an injured driver. Id. at 72. Because the plaintiff driver made an unintended stop and had not reached her destination, we held she was occupying the vehicle and was entitled to UIM coverage. Ibid.

Unlike the plaintiff driver in Macchi, B.G.'s injury was not so inexorably related to his use of the car to create a substantial nexus to his occupancy of the car for UIM coverage. Here, B.G. would have witnessed the same accident involving his children if he had walked to the school or travelled to the school by other means. Nothing about his driving of the covered vehicle was connected to B.G.'s emotional distress injury.

The motion judge's finding of a substantial nexus between B.G.'s use of the insured car on the date of the accident and his Portee emotional distress injury constituted an overexpansion of the doctrine and was inconsistent with existing case law. In the cases finding a substantial nexus between the injury and the insured vehicle, Torres v. Travelers Insurance Co., 171 N.J. 147 (2002) and Bogey's Trucking & Paving, Inc. v. Indian Harbor Insurance Co., 395 N.J. Super. 59 (App. Div. 2007), the injuries plaintiffs suffered were directly connected to their use of the vehicles.

In Torres, the injured plaintiff drove his company van to look for a delivery truck upon discovering a package had not been delivered. 171 N.J. at

9

148. In searching for the missing package, the plaintiff stopped his van behind the double-parked delivery truck and asked the truck driver if he could search for the package. Ibid. Unable to locate the package, the plaintiff exited the delivery truck, entered the roadway to return to his own van, and was truck by an approaching truck. Ibid.

In Bogey's, the injured plaintiff left the truck in which he was a passenger to assist the truck driver in making a turn. 395 N.J. Super. at 63. While assisting the driver, plaintiff was struck by an oncoming car. Ibid. Unlike B.G., the plaintiffs in Torres and Bogey's were actively engaged with their vehicles at the time of their respective injury.

Having reviewed the record and the undisputed facts, B.G. was not occupying the insured vehicle at the time he witnessed an oncoming car strike his children. Nor did B.G. establish the requisite "substantial nexus" between the accident and insured vehicle. B.G. parked his car, exited the vehicle with his children, and walked with his children to a nearby crosswalk. At the time B.G. saw his children struck by an oncoming car, B.G. was a block away from his own car. B.G.'s insured vehicle was simply coincidental to the injury he suffered. Not every act of driving to a location, parking, and exiting a car satisfies the definition of "occupying" a car to be entitled to UIM coverage. At

best, B.G. emotional distress claim was "merely coincidental" to the use of his car. See Mondelli v. State Farm Mut. Auto. Ins. Co., 102 N.J. 167, 172 (1986) (holding a merely coincidental connection between the covered vehicle and the accident insufficient to constitute "occupying").

Because B.G. was not occupying the insured vehicle at the time he witnessed the accident, he was not entitled to UIM coverage under NJM's policy. Thus, the motion judge erred in denying NJM's motion for summary judgment and granting B.G.'s cross-motion for summary judgment.

Reversed.[6]

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] Because the underlying matter concluded upon the entry of the July 8, 2020 consent judgment, the trial court need not enter any further orders in this matter.

A-4184-19